IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAWASAKI HEAVY INDUSTRIES, LTD. (a/k/a Kawasaki Jukogyo Kabushiki Kaisha) and KAWASAKI MOTORS MANUFACTURING CORP., U.S.A.,<br><br>Plaintiffs,<br><br>vs.<br><br>BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP U.S., INC., BANK OF MONTREAL (in its capacity as administrative agent), HARRY MARCUS, and ROBERT GOETHALS,<br><br>Defendants. | Case No. 10-641-DRH<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

This is Kawasaki Heavy Industries, Ltd.'s ("KHI") and Kawasaki Motors Manufacturing Corp., U.S.A.'s ("KMM") Complaint against Defendants Bombardier Recreational Products, Inc. ("BRP-CA"), BRP U.S., Inc. ("BRP-US"), the Bank of Montreal ("BOM"), Harry Marcus, and Robert Goethals for breach of contract, fraud, fraud in the inducement, negligent misrepresentation, negligence, and tortious interference with contract.

## STATEMENT OF THE CASE

1. KHI and its manufacturing subsidiary, KMM, (collectively referred to herein as the "Kawasaki Parties") are in the business of (among other things) designing and manufacturing personal watercraft. The Kawasaki Parties previously litigated several patent infringement lawsuits against BRP-CA and BRP-US (collectively, the "BRP Parties") concerning patents related to personal watercraft. During that litigation, the BRP Parties were represented by Harry Marcus and Robert Goethals, then of the law firm of Morgan Finnegan LLP. Those patent infringement matters were jointly dismissed by the parties in accordance with a confidential settlement agreement. Certain rights given to the Kawasaki Parties under that settlement agreement are imperiled by the BRP Parties' grant of a security interest to a

group of lenders (for which the BOM is the administrative agent), a security interest that the BRP Parties were required to make subordinate.  The BRP Parties have refused to fully perform their obligations under the settlement agreement.  Further, during the negotiation of the settlement agreement and termination of the underlying litigation, the BRP Parties and their counsel misrepresented that BOM had agreed to (or had in fact) subordinated its interest in BRP's patents thereby fraudulently inducing the Kawasaki Parties into entering into the settlement agreement and dismissing the underlying litigation.

## JURISDICTION AND VENUE

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) (diversity).

3. On information and belief, the value of the property rights at issue in this action exceed $75,000, exclusive of interest and cost.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 because BRP-US is subject to personal jurisdiction in this district.

## PARTIES

5. KHI is a Japanese corporation having a principal place of business at Kobe Crystal Tower, 1-3, Higashikawasaki-cho, 1-Chome, Chuo-ku, Kobe, Hyogo 650-8680, Japan.

6. KMM is a wholly owned subsidiary of KHI.  KMM manufactures personal watercrafts in the United States via a non-exclusive license granted by KHI.  KMM is a Nebraska corporation with its principal place of business at 6600 Northwest 27th Street, Lincoln, NE 68524.

7. On information and belief, BRP-CA is a Canadian corporation with its principal place of business at 726 rue St-Joseph Street, Valcourt,

Quebec, Canada, J0E 2L0.  On information and belief, BRP-CA does business in this district.

8.  On information and belief, BRP-US is a Delaware corporation with its principal place of business at 10101 Science Drive, Sturtevant, Wisconsin 53177.  Also on information and belief, BRP-US also owns a manufacturing facility within this district, in Benton, Illinois.

9.  On information and belief, BOM is a Canadian Corporation with its principal place of business at 129 rue Saint-Jacques, Montreal, Canada, QCH2Y1L.

10. On information and belief, Harry Marcus is an individual resident of the State of New York, having a business address of Three World Financial Center, New York, NY 10281-2101.  On information and belief, Harry Marcus has done business in this district.

11. On information and belief, Robert Goethals is an individual resident of the State of New York, having a business address of Three World Financial Center, New York, NY 10281-2101.  On information and belief, Robert Goethals has done business in this district.

**FACTS COMMON TO ALL COUNTS**

12. On or about February 17, 2006, the BRP Parties filed a patent infringement action in the Middle District of Florida against the Kawasaki Parties and others.  That case was styled: *Bombardier Recreational Products, Inc. and BRP-US, Inc. v. Kawasaki Heavy Industries, Ltd. et al.*, Case No. 06-cv-195-JA-JGG.  This suit is referred to herein as the Florida Action.

13. On or about September 18, 2006, Kawasaki requested that United States Patent and Trademark Office reexamine the patents at issue in the Middle District of Florida lawsuit.  These reexamination concerned U.S.

Patent Nos. 6,336,833 (Control No. 90/008222), 6,405,669 (Control No. 95/000179), and 6,428,371 (Control No. 95/000163).

14. On or about October 3, 2006, KHI filed a patent infringement action in the Eastern District of Texas, asserting Kawasaki patents against the BRP Parties. That case was styled: *Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc. and BRP-US, Inc.*, Case No. 06-cv-222-DF. This suit is referred to herein as the Texarkana Action.

15. On or about April 11, 2007, the BRP Parties again filed a patent infringement action, this time in the Eastern District of Texas, asserting additional BRP patents against the Kawasaki Parties and others. That case was styled: *Bombardier Recreational Products, Inc. and BRP-US, Inc. v. Kawasaki Heavy Industries, Ltd. et al.*, Case No. 07-cv-156-LED. This suit is referred to herein as the Tyler Action.

16. On or about September 6, 2007, the Kawasaki Parties and the BRP Parties reached an agreement in principal that resolved the Florida, Texarkana, and Tyler Actions. This agreement provided certain rights to the BRP Parties and the Kawasaki Parties.

17. During negotiations towards a final settlement agreement, the Kawasaki Parties learned that a creditor group had a security interest in BRP Parties' patents, including those asserted in litigation. This security interest includes, but is not limited to those agreements recorded in the United States Patent and Trademark Office at Reel 018350, Frames 0269 to 0306 and at Reel 014546, Frame 0629 to 0681. That creditor group is lead by BOM, which at all relevant times has been acting as administrative agent.

18. In light of this discovery, the Kawasaki Parties required that the BRP Parties be obligated to obtain a subordination agreement from BOM,

which would make the Kawasaki Parties' rights superior to the security interest granted to BOM.  Because this requirement involved a security interest administered by the BOM, the Kawasaki Parties also asked the BRP Parties to confirm that the BOM was willing to subordinate the security interest in the BRP Parties' patents to the Kawasaki Parties prior to entering into the settlement agreement.

19. In response to this request for confirmation, on January 29, 2008, counsel for the BRP Parties Robert Goethals and Harry Marcus, stated "BRP has just received word that the Bank of Montreal will agree to subordinate the security interests."

20. In reliance on this representation, the Kawasaki Parties and the BRP Parties finalized the settlement agreement (referred to herein as the "Settlement Agreement").  The parties to the Settlement Agreement were required to take several actions within a short period of time.

21. The Kawasaki Parties required the BRP Parties to make a security interest granted to a creditor group lead by the BOM subordinate to the rights given to Kawasaki under the Settlement Agreement. Given the compact structure of the parties' obligations, the Kawasaki Parties requested and the BRP Parties' provided written assurance that the BRP Parties already had an agreement with the BOM to subordinate before execution of the Settlement Agreement.

22. The parties timely dismissed the cases.

23. On April 8, 2008 (approximately 8 days after the Effective Date), the BRP Parties' counsel continued to portray the subordination as a *fait accompli*, informing the Kawasaki Parties "that it is taking longer than expected to work with the Bank to prepare and execute the subordination

documents. He thinks it will take an additional 15 days beyond the 10 day period provided in the Settlement Agreement."

24. On April 9, 2008, the Kawasaki Parties expressed concern about the BRP Parties willingness to comply with their obligations under the Settlement Agreement in light of the issues concerning the subordination raised by the correspondence of April 8, 2008.  In response, the BRP Parties' counsel continued to portray the subordination agreement execution was a mere formality:

"[t]he unexpected delay we are encountering with the subordination agreement results from having to work with the bank's attorneys.  We discussed the need for the subordination agreement with the bank before finalizing the settlement agreement and we don't expect any problems with obtaining the subordination agreement. However, we cannot dictate the timeframe for finalizing it since we are dealing with another party."

Shortly after this statement, the Kawasaki Parties had fully performed their obligations under the Settlement Agreement.

25. On or about May 14, 2008, the BRP Parties informed the Kawasaki Parties that they were not going to provide the required subordination agreement.  To date, the BRP Parties have not provided the subordination agreement, nor have the BRP Parties given the Kawasaki Parties any indication that they intend on supplying a subordination agreement.

26. The BRP Parties' breach of the Settlement Agreement (namely, failing to obtain the required subordination), damages the Kawasaki Parties because they are unable to enjoy the benefit of the bargain they obtained in the Settlement Agreement.

**COUNT I**
**Request for Specific Performance**

27. The Kawasaki Parties incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

28. The Settlement Agreement is a valid and binding contract, enforceable against the BRP Parties in accordance with its terms.

29. The BRP Parties knowingly acted in violation of the Settlement Agreement by refusing to provide proof of subordination.

30. The contractual provisions at issue are definite, complete in their essential terms, and capable of being enforced without adding to their terms.

31. The Kawasaki Parties have no adequate remedy at law, in that only a subordination of the security interest held by the BOM (as administrative agent) on the subject patents can place the Kawasaki Parties in the same position as if the BRP Parties had fully performed their obligations under the Settlement Agreement.

32. The balance of equities favors an order of specific performance on the BRP Parties' contractual obligations, and no public policy will be offended by an order of specific performance.

**Count II**
**The BRP Parties' Breach of the Settlement Agreement (Alternative Relief)**

33. The Kawasaki Parties incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

34. The Settlement Agreement is a valid contract.

35. The Kawasaki Parties have fully performed all of their obligations under the Settlement Agreement.

36. The BRP Parties were required to make all relevant security agreements subordinate to the Settlement Agreement.

37. On information and belief, the BRP Parties did not cause all security agreements between the BRP Parties and the BOM to be made subordinate to the Settlement Agreement.

38. The BRP Parties have not provided the Kawasaki Parties with any evidence that the security agreements between the BRP Parties and the BOM to be made subordinate to the Settlement Agreement.

39. The BRP Parties have also breached representations and warrants made by the BRP Parties in the Settlement Agreement.

40. The BRP Parties breached the Settlement Agreement.

41. As a direct and proximate result of the BRP Parties' breach of the Settlement Agreement, the Kawasaki Parties have been damaged.  On information and belief, the value of the property rights at issue in this action exceed $75,000, exclusive of interest and cost.

## Count III
### Fraud (The BRP Parties, Harry Marcus, and Robert Goethals)

42. The Kawasaki Parties incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

43. The BRP Parties, via their attorneys Harry Marcus and Robert Goethals, represented to the Kawasaki Parties that an agreement existed between the BRP Parties and BOM under which BOM would make its security interest subordinate to the Settlement Agreement. The BRP Parties,

- 9 -

via their attorneys Harry Marcus and Robert Goethals, continued to reinforce these representations after the execution of the Settlement Agreement.

44. This statement was false.  On information and belief, the BRP Parties did not have an agreement with BOM at any time concerning subordination.

45. If no such agreement existed, the BRP Parties' counsel made a false representation, had no basis for his assertion (recklessly making the statement without any knowledge as to its truth), or the truth was deliberately misrepresented by the BRP Parties to its counsel, who failed to substantiate the accuracy of that statement.

46. On information and belief, these statements were made with knowledge of its falsity or the statement was made recklessly, without any knowledge as to its truth.

47. The BRP Parties' representation that it had an agreement to obtain the subordination was material. The Kawasaki Parties were insistent that the subordination requirement be included in the Settlement Agreement.

48. These statements, made by BRP's counsel Harry Marcus and Robert Goethals, were made to Kawasaki's attorneys with the intention that the Kawasaki Parties should rely on this information.

49. The Kawasaki Parties reasonably relied on the statements to their detriment.

50. Because the Kawasaki Parties relied on the material misrepresentations of the BRP parties and its counsel, the Kawasaki Parties were damaged.  On information and belief, the value of the property rights at issue in this action exceed $75,000, exclusive of interest and cost.

## Count IV
### Fraud in the Inducement (The BRP Parties, Harry Marcus, and Robert Goethals)

51. The Kawasaki Parties incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

52. The BRP Parties, via their attorneys Harry Marcus and Robert Goethals, represented to the Kawasaki Parties that an agreement existed between the BRP Parties and BOM under which BOM would make its security interest subordinate to the Settlement Agreement.

53. This statement was false. On information and belief, the BRP Parties did not have an agreement with BOM at any time concerning subordination.

54. If no such agreement existed, the BRP Parties' counsel made a false representation, had no basis for his assertion (recklessly making the statement without any knowledge as to its truth), or the truth was deliberately misrepresented by the BRP Parties to its counsel, who failed to substantiate the accuracy of that statement.

55. On information and belief, these statements were made with knowledge of its falsity or the statement was made recklessly, without any knowledge as to its truth, as a positive assertion.

56. These statements, made by BRP's counsel Harry Marcus and Robert Goethals were made to Kawasaki's attorneys with the intention that the Kawasaki Parties should rely on this information to enter into the Settlement Agreement.

57. The BRP Parties' representation that it had an agreement to obtain the subordination was material. The Kawasaki Parties were insistent that the subordination requirement be included in the Settlement Agreement.

58. The Kawasaki Parties relied on the statements to its detriment.

59. Because the Kawasaki Parties relied on the material misrepresentations of the BRP Parties and their counsel, the Kawasaki Parties were damaged. On information and belief, the value of the property rights at issue in this action exceed $75,000, exclusive of interest and cost.

## Count V
### Negligent Misrepresentation (The BRP Parties, Harry Marcus, and Robert Goethals)

60. The Kawasaki Parties incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

61. The BRP Parties, via their attorneys Harry Marcus and Robert Goethals, represented to the Kawasaki Parties that an agreement existed between the BRP Parties and BOM to subordinate the BOM's security interest to the Settlement Agreement.

62. This representation was false. On information and belief, the BRP Parties did not have an agreement with BOM at any time concerning subordination.

63. The BRP Parties had a pecuniary interest in the negotiating and getting the Kawasaki Parties to enter into the Settlement Agreement.

64. The representation made by the BRP Parties, via their counsel Harry Marcus and Robert Goethals, was false information provided to the Kawasaki Parties.

65. The BRP Parties and their attorneys Harry Marcus and Robert Goethals did not exercise reasonable care in communicating this information to the Kawasaki Parties.

66. The Kawasaki Parties justifiably relied on the misrepresentation to their detriment.

67. In relying on this misrepresentation, the Kawasaki Parties were damaged. On information and belief, the value of the property rights at issue in this action exceed $75,000, exclusive of interest and cost.

## Count VI
### Negligence (The BRP Parties, Harry Marcus, and Robert Goethals)

68. The Kawasaki Parties incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

69. The BRP Parties and their counsel owed the Kawasaki Parties a duty of care to accurately represent the nature of their agreements with BOM during settlement negotiations.

70. In falsely reporting that the BRP Parties had an agreement with BOM to subordinate BOM's security interest to the Kawasaki Parties' covenant not to sue, the BRP Parties and their counsel breached that duty.

71. As a proximate result of the BRP Parties and their counsel breach of their duty, Kawasaki Parties were unable to obtain the subordination agreement for which it had bargained.

72. As a proximate result of the BRP Parties and their counsel breach of their duty, Kawasaki Parties were damaged.

73. On information and belief, the value of the property rights at issue in this action exceed $75,000, exclusive of interest and cost.

## Count VII
### The Bank of Montreal's Breach of a Third Party Beneficiary Contract

74. The Kawasaki Parties incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

75. On information and belief and in the alternative, the BRP Parties entered into an agreement with BOM concerning the subordination requested by the Kawasaki Parties during negotiation of the Settlement Agreement whereby the BOM would agree to subordinate the security interests to the Settlement Agreement.

76. On information and belief and in the alternative, this agreement was made expressly for the Kawasaki Parties' benefit.

77. On information and belief and in the alternative, the contracting parties to this agreement, the BOM and the BRP Parties intended that the Kawasaki Parties benefit from the agreement.

78. On information and belief and in the alternative, the BOM has refused to perform its obligations under the third party agreement made expressly for the benefit of the Kawasaki Parties.

79. On information and belief and in the alternative, the Kawasaki Parties have no adequate remedy at law, in that only a subordination of the security interest held by the BOM (as administrative agent) can place the Kawasaki Parties in the same position as if the BOM had fully performed its obligations under the Settlement Agreement. The balance of equities favors an order of specific performance on the BOM's contractual obligations, and no public policy will be offended by an order of specific performance.

80. As a direct and proximate result of the BOM's breach of the third party agreement made expressly for the benefit of the Kawasaki Parties, the Kawasaki Parties were damaged.  On information and belief, the value of the property rights at issue in this action exceed $75,000, exclusive of interest and cost.

### Count VIII
### The Bank of Montreal's Tortious Interference with the Settlement Agreement

81. The Kawasaki Parties incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

82. The Settlement Agreement between the BRP Parties and the Kawasaki Parties is a contract subject to interference. On information and belief, the Kawasaki Parties, the BRP Parties and the BOM were all aware of the Kawasaki Parties' need to obtain subordination of the security interests to the Settlement Agreement.

83. On information and belief and in the alternative, during the negotiation of the Settlement Agreement, the BOM represented to the BRP Parties that it would provide the requested subordination.

84. On information and belief and in the alternative, at some time thereafter, the BOM refused to provide the requested subordination of its rights to Kawasaki's covenant not to sue, despite having represented to the BRP Parties that it would do so.

85. The BOM's willful and intentional refusal to perform, despite having represented to the BRP Parties previously that it would provide the subordination is an act of interference.

86. The BOM's act of interference is the proximate cause of the BRP Parties inability to provide the Kawasaki Parties with the requested subordination.

87. As a result of this interference, the Kawasaki Parties were damaged.

88. On information and belief, the value of the property rights at issue in this action exceed $75,000, exclusive of interest and cost.

**PRAYER FOR RELIEF**

WHEREFORE, the Kawasaki Parties pray for judgment against Defendants as follows:

- 16 -

      A.      KHI and KMM request the Court enter an injunction requiring BRP to comply with all of its obligations under the Settlement Agreement;

      B.      Award KHI and KMM damages resulting from the Defendants' conduct;

      C.      KHI and KMM request the Court enter an injunction requiring BOM to comply with all of its obligations under its agreement with BRP, an agreement made expressly for the benefit of the Kawasaki Parties;

      D.      Award KHI and KMM their attorney fees, interests and costs; and

      E.      For such other and further relief that the Court deems just and proper.

## JURY DEMAND

The Kawasaki Parties demand a trial by jury on all claims for relief which are eligible for jury trial.

Dated:  August 23, 2010								Respectfully submitted,

											Thomas Q Keefe Jr PC


										By:/s/Thomas Q. Keefe, Jr.
											Thomas Q. Keefe Jr.
											6 Executive Woods Ct
											Swansea IL 62226-2016
											Phone:(618) 236-2221
											Fax: (618) 236-2194

											And

											Richard A. Mueller
											Steven E. Garlock
											David B. Jinkins
											Jonathan G. Musch
											Thompson Coburn LLP
											One US Bank Plaza
											St. Louis, Missouri 63101
											Phone: (314) 552 -6000
											Fax: (314) 552 -7000


											*Attorneys for Plaintiffs, Kawasaki Heavy Industries, Ltd. and Kawasaki Motors Manufacturing Corp., USA*