## SETTLEMENT AGREEMENT

This Settlement Agreement is by and between Kawasaki Heavy Industries, Ltd. (a/k/a Kawasaki Jukogyo Kabushiki Kaisha) ("KHI"), a Japanese corporation with its principal place of business at Kobe Crystal Tower, 1-3, Higashikawasaki-cho, 1-chome, Chuo-ku, Kobe, Hyogo 650-8680, Japan, Kawasaki Motors Corp., U.S.A. ("KMC"), a Delaware corporation with its principal place of business at 9950 Jeronimo Road, Irvine, California 92618, Kawasaki Motors Manufacturing Corp., U.S.A. ("KMM"), a Nebraska corporation with its principal place of business at 6600 Northwest 27th Street, Lincoln, NE 68524, on the one hand; and Bombardier Recreational Products, Inc. ("BRP-CA"), a Canadian corporation with its principal place of business at 726 rue St-Joseph Street, Valcourt, Quebec, Canada, J0E 2L0, BRP U.S., Inc. ("BRP-US"), a Delaware corporation with its principal place of business at 10101 Science Drive, Sturtevant, Wisconsin 53177, BRP-Rotax GmbH & Co. KG ("BRP-Rotax"), an Austrian corporation with its principal place of business at Welser Strasse 32, A-4623 Gunskirchen, Austria, on the other hand. KHI, KMC and KMM are collectively referred to herein as Kawasaki. Bombardier-Rotax GmbH & Co. KG ("Bombardier-Rotax") is the same company as, and the former name of, BRP-Rotax. BRP-CA, BRP-US, BRP-Rotax and Bombardier-Rotax are collectively referred to herein as BRP.

WHEREAS, on February 17, 2006, BRP-CA and BRP-US filed suit against Kawasaki in the United States District Court for the Middle District of Florida, Case No. 6:06-cv-



00195-JA-JGG ("Florida Action"), alleging infringement of U.S. Patent Nos. 6,336,833, 6,405,669, and 6,428,371 (collectively the "BRP Florida Patents"). Kawasaki filed answers denying the infringement allegations of BRP-CA and BRP-US coupled with counterclaims and affirmative defenses alleging, *inter alia*, non-infringement, unenforceability and invalidity of the BRP Florida Patents.

WHEREAS, on September 18, 2006, KMC filed with the United States Patent and Trademark Office ("USPTO") requests for *inter partes* reexamination of U.S. Patents 6,405,669 and 6,428,371, and a request for *ex parte* reexamination of U.S. Patent 6,336,833. The USPTO granted *ex parte* reexamination of U.S. Patent 6,336,833 (Control No. 90/008222) on November 17, 2006, and granted *inter partes* reexamination of U.S. Patents 6,405,669 (Control No. 95/000179) and 6,428,371 (Control No. 95/000163) on December 8, 2006.

WHEREAS, on October 3, 2006, KHI filed suit against BRP-CA and BRP-US in the United States District Court for the Eastern District of Texas, Texarkana Division, Case No. 5:06-cv-222 ("Texarkana Action"), alleging infringement of U.S. Patent Nos. 4,998,966, 5,588,388, 6,183,318, 6,244,916 and 6,308,650 (collectively the "Kawasaki Texarkana Patents"). BRP-CA and BRP-US filed answers denying the infringement allegations of KHI

coupled with counterclaims and affirmative defenses alleging, *inter alia*, non-infringement, unenforceability and invalidity of the Kawasaki Texarkana Patents.

WHEREAS, on April 11, 2007, BRP-CA and BRP-US filed suit against Kawasaki in the United States District Court for the Eastern District of Texas, Tyler Division, Case No. 6:07-CV-156-LED ("Tyler Action"), alleging infringement of U.S. Patent Nos. 5,369,360, 6,276,291, 6,551,155, 6,668,742 and 6,772,061 (collectively the "BRP Tyler Patents"). Kawasaki filed answers denying the infringement allegations of BRP-CA and BRP-US coupled with counterclaims and affirmative defenses alleging, *inter alia*, non-infringement, unenforceability and invalidity of the BRP Tyler Patents, and KHI also included counterclaims alleging infringement by BRP-CA and BRP-US of U.S. Patent Nos. 6,508,187 and 6,112,686 (collectively the "Kawasaki Tyler Patents").

WHEREAS, in advance of a mediation between the parties held on June 27 and 28, 2007, BRP asserted that Kawasaki infringed U.S. Patent No. 6,568,376 and Kawasaki asserted that BRP infringed U.S. Patent Nos. 6,568,968 and 6,589,085.

NOW THEREFORE, in consideration of the foregoing, the promises and covenants contained herein, and as all parties desire to settle their differences on an amicable basis to fully and finally resolve the above referenced litigation, the parties hereto agree as follows.

- 3 -

DEFINITIONS

A.  "BRP Releasees" means BRP, and its affiliates, parents, subsidiaries, officers, directors, partners, attorneys, agents, employees, suppliers, dealers and dealers' customers (including those who have directly or indirectly supplied to them or directly or indirectly acquired from or through them).

B.  "BRP Florida Patents" means U.S. Patent Nos. 6,336,833, 6,405,669, and 6,428,371.

C.  "BRP Tyler Patents" means U.S. Patent Nos. 5,369,360, 6,276,291, 6,551,155, 6,668,742 and 6,772,061.

D.  "BRP Patents" means: (a) the BRP Florida Patents; (b) the BRP Tyler Patents; (c) U.S. Patent No. 6,568,376; and (d) any other patent, U.S. or ex-U.S., which BRP has accused Kawasaki of infringing.

E.  "Covenant Patents" means all patents, U.S. and ex-U.S., (regardless of whether rights to such patents are presently owned by a party to this agreement), existing as of the Effective Date (defined in Para. 14) and all patents, U.S. and ex-U.S., that issue in the future claiming priority to such patents existing as of the Effective Date and all divisionals,

- 4 -

extensions, reexaminations, reissues, continuations and continuations-in-part of such patents.

F. "Kawasaki Releasees" means Kawasaki, and its affiliates, parents, subsidiaries, officers, directors, partners, attorneys, agents, employees, suppliers, dealers and dealers' customers (including those who have directly or indirectly supplied to them or directly or indirectly acquired from or through them).

G. "Kawasaki Texarkana Patents" means U.S. Patent Nos. 4,998,966, 5,588,388, 6,183,318, 6,244,916 and 6,308,650

H. "Kawasaki Tyler Patents" means U.S. Patent Nos. 6,508,187 and 6,112,686.

I. "Kawasaki Patents" means: (a) the Kawasaki Texarkana Patents; (b) the Kawasaki Tyler Patents; and (c) U.S. Patent Nos. 6,568,968 and 6,589,085; and (d) any other patent, U.S. or ex-U.S., which Kawasaki has accused BRP of infringing.

J. "Watercraft" means a watercraft less than 35 feet in length, which uses an internal combustion engine powering a water jet pump as its primary source of propulsion.

K. "Watercraft Components" means assemblies, sub-assemblies and/or parts which are or intended to be incorporated into a finished Watercraft.

1. <u>Filing Stipulated Orders of Dismissal</u>. Within ten (10) business days of Effective Date (defined in Para. 14) of this Settlement Agreement, the parties named in each action shall execute and jointly file Stipulated Orders of Dismissal in the relevant Court for each of the Florida Action, the Tyler Action, and the Texarkana Action. The Stipulated Orders of Dismissal shall dismiss with prejudice all claims, counterclaims, and affirmative defenses which were pled or which could have been pled based on the facts in possession of each party at the time of dismissal, with each party to bear its own costs, expenses and attorneys' fees.

2. <u>No Monies Paid</u>. With respect to the full performance by each party of this Settlement Agreement, BRP owes no money to Kawasaki and Kawasaki owes no money to BRP.

3. <u>Warranties</u>. BRP, collectively, warrant and represent that they own all of the right, title, and interest, both legal and equitable, in and to the BRP Patents and Covenant Patents which BRP owns at the Effective Date (hereinafter referred to as "BRP Owned Covenant Patents") and there is no legal and equitable right of any third party to the BRP Patents and BRP Owned Covenant Patents, including, but not limited to, exclusive license or security right to any third party, that hinders BRP's performance of its obligations set forth in this Settlement Agreement. BRP further warrant and represent that Bombardier-Rotax

- 6 -

GmbH & Co. KG is the same company as, and the former name of, BRP-Rotax, and that BRP-Rotax owns all patents for which Bombardier-Rotax GmbH & Co. KG appears as the record owner according to the records of the U.S. Patent and Trademark Office. Within ten days of the Effective Date of this Settlement Agreement, BRP shall cause all security agreements between BRP and the Bank of Montreal that affect any and all of the BRP Patents and BRP Owned Patents (including, but not limited to those agreements recorded in the United States Patent and Trademark Office at Reel 018350, Frames 0269 to 0306 and at Reel 014546, Frame 0629 to 0681) to be made subordinate to this Settlement Agreement, and shall provide to Kawasaki evidence sufficient to establish that such security agreements have been made subordinate to this Settlement Agreement. BRP, collectively, further warrant and represent that any subsequent assignment, license or security interest granted to any third party to any of the BRP Patents and BRP Owned Covenant Patents shall be made subordinate to this Settlement Agreement. Kawasaki, collectively, warrant and represent that they own all of the right, title, and interest, both legal and equitable, in and to the Kawasaki Patents and Covenant Patents which Kawasaki owns at the Effective Date (hereinafter referred to as "Kawasaki Owned Covenant Patents") and there is no legal and equitable right of any third party to the Kawasaki Patents and Kawasaki Owned Covenant Patents, including, but not limited to, exclusive license or security right to any third party, that hinders Kawasaki's performance of its obligations set forth in this Settlement Agreement. Kawasaki, collectively, further warrant and represent that any subsequent assignment, license or

-7-

security interest granted to any third party to any of the Kawasaki Patents and Kawasaki Owned Covenant Patents shall be made subordinate to this Settlement Agreement.

4. <u>Kawasaki Release</u>. KHI, KMC and KMM, for themselves individually and jointly as related companies, hereby unconditionally release and forever discharge the BRP Releasees for any claim of infringement of any and all presently existing patents (U.S. and ex-U.S.) under which Kawasaki presently owns or hereafter acquires the right to sue and recover damages, arising from BRP Releasees' manufacture, importation, use, sale, or offer for sale, of BRP Watercraft or Watercraft Components for use with BRP Watercraft up to the Effective Date of this Agreement, or BRP Releasees' contributing to or inducing others to do any of the foregoing, including all manufacture, importation, use, sale or offer for sale concerning 2008 and earlier model-year BRP Watercraft and Watercraft Components for use with 2008 and earlier model-year BRP Watercraft.

5. <u>Kawasaki Covenant Not To Sue</u>. KHI, KMC and KMM, for themselves individually and jointly as related companies, hereby unconditionally covenant not to sue, and not to assert, at law or in equity, any claim, cause of action, debt, covenant, contract or demand against, the BRP Releasees for infringement of any and all Covenant Patents, arising from BRP Releasees' manufacture, importation, use, sale, or offer for sale, of BRP Watercraft or Watercraft Components for use with BRP Watercraft, or BRP Releasees' contributing to or inducing others to do any of the foregoing.

- 8 -

6. <u>BRP Release</u>. BRP-CA, BRP-US and BRP-Rotax, for themselves individually and jointly as related companies, hereby unconditionally release and forever discharge the Kawasaki Releasees for any claim of infringement of any and all presently existing patents (U.S. and ex-U.S.) under which BRP presently owns or hereafter acquires the right to sue and recover damages, arising from Kawasaki Releasees' manufacture, importation, use, sale, or offer for sale, of Kawasaki Watercraft or Watercraft Components for use with Kawasaki Watercraft up to the Effective Date of this Agreement, or Kawasaki Releasees' contributing to or inducing others to do any of the foregoing, including all manufacture, importation, use, sale or offer for sale concerning 2008 and earlier model-year Kawasaki Watercraft and Watercraft Components for use with 2008 and earlier model-year Kawasaki Watercraft.

7. <u>BRP Covenant Not to Sue</u>. BRP-CA, BRP-US and BRP-Rotax, for themselves individually and jointly as related companies, hereby unconditionally covenant not to sue, and not to assert, at law or in equity, any claim, cause of action, debt, covenant, contract or demand against, the Kawasaki Releasees for infringement of any and all Covenant Patents, arising from Kawasaki Releasees' manufacture, importation, use, sale, or offer for sale, of Kawasaki Watercraft or Watercraft Components for use with Kawasaki Watercraft, or Kawasaki Releasees' contributing to or inducing others to do any of the foregoing.

8.     <u>Mutual Indemnity</u>.  Kawasaki shall indemnify and hold the BRP Releasees harmless against and from any claims, suits, proceedings, liabilities, losses, damages, expenses, fees (including attorneys' fees incurred) and costs attributable to any claim made either by Kawasaki or by any third party that any of the BRP Releasees' past, present and future manufacture, importation, use, sale, and/or offer for sale, of BRP Watercraft and Watercraft Components for use with BRP Watercraft infringes any of the Kawasaki Patents and/or any presently existing or future patent claiming priority to any of the Kawasaki Patents, and all divisionals, extensions, reexaminations, reissues, continuations and continuations-in-part of such patents and Kawasaki Owned Covenant Patents.  BRP shall indemnify and hold the Kawasaki Releasees harmless against and from any claims, suits, proceedings, liabilities, losses, damages, expenses, fees (including attorneys' fees incurred) and costs attributable to any claim made either by BRP or by any third party that any of the Kawasaki Releasees' past, present and future manufacture, importation, use, sale, and/or offer for sale, of Kawasaki Watercraft and Watercraft Components for use with Kawasaki Watercraft infringes any of the BRP Patents and/or any presently existing or future patent claiming priority to any of the BRP Patents, and all divisionals, extensions, reexaminations, reissues, continuations and continuations-in-part of such patents and BRP Owned Covenant Patents.  Should either party desire to secure the indemnity provided for herein, it shall provide notice to the other party and the indemnifying party shall provide notice that it accepts its indemnity obligation and shall take over the course and conduct of the defense of

- 10 -

any such claim. Should a party refuse or fail to provide timely notice of its acceptance of its indemnity obligation hereunder, then the other party shall be free to take over and provide the course and conduct of the defense to such claim without compromising its right to later assert its indemnity claim against the other party.

9. *Inter Partes* Reexamination Proceedings. Within seven (7) days after the Effective Date of this Agreement, Kawasaki shall: (a) file notices in Reexamination Control No. 95/000179 (Reexamination of U.S. Patent 6,405,669) and Reexamination Control No. 95/000163 (Reexamination of U.S. Patent 6,428,371) notifying the U.S. Patent and Trademark Office that it has settled its disputes with BRP, is no longer pursuing the reexaminations, and is waiving its rights to file third party responses; and (b) file a petition to withdraw the January 5, 2007 Petition for Reconsideration filed in the Reexamination of U.S. Patent 6,428,371.

10. Integration. This Settlement Agreement is the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. This Settlement Agreement may be amended only by an agreement in writing specifically referring to this Settlement Agreement and signed by all of the parties hereto.

11.  **Binding Effect.** This Settlement Agreement is binding upon and shall inure to the benefit of the parties hereto, and their respective agents, employees, representatives, officers, directors, divisions, subsidiaries, affiliates, heirs, successors and assigns. The covenants and releases set forth in this Settlement Agreement shall be binding on all successors and assigns of Kawasaki and on all successors and assigns of BRP. This Settlement Agreement may only be assigned with the prior written notice given to and consent received from all other parties hereto, such consent to be not unreasonably withheld. Notwithstanding any assignment or other transfer hereof, all parties shall retain their duties and obligations herein and shall act as guarantors for the full performance of this Settlement Agreement by any assignee or transferee.

12.  **Drafting by Both Parties.** Each party has participated in the drafting and preparation of this Settlement Agreement. Hence, in any construction to be made of this Settlement Agreement, any rule or principle of contract interpretation biasing interpretation of any ambiguous term against the drafter shall not apply.

13.  **Counterparts.** This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed

counterparts, shall constitute one agreement, which shall be binding upon and effective as to all parties.

14. <u>Effective Date</u>. The effective date of this Settlement Agreement ("Effective Date") shall be the latest date and year of execution of this Settlement Agreement by all parties hereto.

15. <u>Notice</u>. All notices required or permitted to be given hereunder shall be in writing and shall be delivered by hand, or if dispatched by prepaid air courier with package tracing capabilities or by registered or certified airmail, postage prepaid, addressed as follows:

If to BRP:

Attention: Vice President, Legal Services
Bombardier Recreational Products, Inc.
726 St-Joseph Street
Valcourt (Bldg 5), Quebec
Canada J0E 2L0

If to Kawasaki

Attention: Vice President, General Counsel & Secretary
Kawasaki Motors Corp., U.S.A.
9950 Jeronimo Road
Irvine, CA 92618-2084

Such notices shall be deemed to have been served when received by addressee. Either party may give written notice of a change of address and, after notice of such change has been

received, any notice or request shall thereafter be given to such party as above provided at such changed address.

16. <u>Miscellaneous</u>. Each party has had the opportunity to receive independent legal advice from its attorneys with respect to the advisability of making the settlement provided for herein and with respect to the advisability of executing this Settlement Agreement. Each party to this Settlement Agreement has made such investigation of the facts pertaining to this settlement and this Settlement Agreement and all of the matters pertaining thereto as it deems necessary. Each party or responsible officer thereof as shall execute this Settlement Agreement below has read this Settlement Agreement and understands the contents hereof. Each of the officers executing this Settlement Agreement on behalf of their respective corporations is empowered to do so and fully intends to and does bind his respective corporation. Each party has not heretofore assigned, transferred, granted or purported to assign, transfer, grant, or otherwise compromise any of the claims, demands and causes of action disposed of by or through the performance of this Settlement Agreement. No party relies upon any statement of any other party in executing this Settlement Agreement, except as expressly stated in this Settlement Agreement. Nothing contained in this Settlement Agreement shall be construed as an admission of liability or any fact by either party in regard to the claims and counterclaims asserted in the litigation

matters referenced above, namely, the Florida Action, the Texarkana Action, and the Tyler Action.

17.   No Rescission or Termination of this Settlement Agreement. The breach of any provision of this Settlement Agreement shall not entitle the non-breaching party to a rescission or termination of this Settlement Agreement, but shall instead allow the non-breaching party only the right to recover actual (but not consequential, indirect, special or exemplary) monetary damages with respect thereto to the extent that such damages can be proven, and specific performance of any duty or obligation recited herein. This is an election of remedies that all parties hereto are making after being fully informed and advised as to the legal consequences thereof. Furthermore, notwithstanding the foregoing, the covenants, releases and mutual indemnity of par. 4-8 shall survive any attempted or actual termination of this Settlement Agreement.

18.   Dispute Resolution. Any claim, dispute or controversy between the parties arising out of or relating to this Settlement Agreement shall be resolved by first a personal meeting between representatives of each party to the matter, with such representatives having the power to resolve the matter on behalf of their company. Should a resolution fail to be reached through a personal meeting or should either party refuse or fail to reasonably attend a personal meeting, the party asserting such dispute shall provide notice to the other

party of its intention to submit the dispute to non-binding mediation, each party agrees to submit the dispute to non-binding mediation to be held in Dallas, Texas. Each party will bear its own costs. There will be no discovery in such proceeding other than a specific factual identification of the alleged breach and the response thereto. Should a resolution fail to be reached through the non-binding mediation or should either party refuse or fail to reasonably participate in the non-binding mediation, each party agrees to submit the dispute to binding arbitration to be held in Dallas, Texas. Each party will bear its own costs. The arbitration will be conducted in accordance with the then prevailing arbitration rules of the American Arbitration Association for complex commercial litigation or such other rules as the parties may agree. The arbitrator shall render a reasoned award, setting forth the findings of fact and conclusions of law upon which the award is based. The award shall be final and binding upon both parties. Judgment upon the award may be entered in any court having jurisdiction thereof.

19. <u>Confidentiality</u>. Except as provided below, the parties agree that while the fact of settlement is not confidential, the terms of this Settlement Agreement are confidential and shall not be disclosed to any third party without express written consent, and then only under written agreement of confidentiality. The parties further agree that, if required by court or administrative order, either party may disclose the terms of this Agreement provided, however, that prompt written notice of such order shall be given to the other

party. In such event, the disclosing party shall take reasonable steps to protect the confidential nature of disclosed information.

IN WITNESS WHEREOF, the parties, intending to be legally bound, have caused this instrument to be executed in counterparts by their respective authorized representatives, as of the date last below written.

| | |
|---|---|
| KAWASAKI HEAVY INDUSTRIES, LTD.<br><br>by: _____<br>Name: Shinichi Tamba<br>Title: President, Consumer Products & Machinery Company<br>Date: 23/3/11 '08 | BOMBARDIER RECREATIONAL PRODUCTS, INC.<br><br>by: _____<br>Name: José Boisjoli<br>Title: President and CEO<br>Date: 20/3/08 |
| KAWASAKI MOTORS CORP., U.S.A.,<br><br>by: _____<br>Name: Shigehiko Kiyama<br>Title: President<br>Date: 20-3-6-08 | BRP U.S., INC.<br><br>by: _____<br>Name: José Boisjoli<br>Title: President and CEO<br>Date: 20/3/08 |
| KAWASAKI MOTORS MANUFACTURING CORP., U.S.A.<br><br>by: _____<br>Name: Shiro Noiri<br>Title: President<br>Date: 3/27/08 | BRP-Rotax GmbH & Co. KG<br><br>by: _____<br>Name: Gerd Ohrnberger<br>Title: Vice-President & Director<br>Date: 20.3.08 |

- 18 -