## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAWASAKI HEAVY INDUSTRIES, LTD. )
(a/k/a KAWASAKI JUKOGYO KABUSHIKI )
KAISHA) and KAWASAKI MOTORS )
MANUFACTURING CORP., U.S.A., )
)
       Plaintiffs, )    Case No. 3:10-cv-00641-DRH-DGW
)
    vs. )
)
BOMBARDIER RECREATIONAL )
PRODUCTS, INC., BRP U.S., INC., BANK )
OF MONTREAL (in its capacity as )
administrative agent), HARRY MARCUS, and )
ROBERT GOETHALS, )
)
       Defendants. )
                              )

## PLAINTIFF'S MOTION FOR LIMITED DISCOVERY ON DEFENDANTS IN ORDER TO RESPOND TO DEFENDANTS MARCUS AND GOETHALS' MOTION TO DISMISS

     Plaintiff Kawasaki Heavy Industries, Ltd. and Kawasaki Motors Manufacturing, Corp. USA (collectively "Kawasaki") hereby request the opportunity to conduct limited discovery on Defendants Harry Marcus and Robert Goethals (collectively "Attorney Defendants") in order to respond effectively to the Attorney Defendants' motion to dismiss for lack of personal jurisdiction and improper venue.  In support of its motion, Kawasaki states as follows:

     On October 28, 2010, the Attorney Defendants filed a motion to dismiss for lack of personal jurisdiction and improper venue. ECF No. 29.  Prior to the due date for its response, Kawasaki determined that it needed discovery on certain issues raised in Defendants' motion in order to adequately respond.  In order to adequately respond to Defendants' Motion to Transfer, Kawasaki seeks leave of court and an order granting Kawasaki permission to take limited discovery from the Attorney Defendants and to extend the date by which Kawasaki is required to respond to the Attorney Defendants' motion until ten days after this Court rules on Kawasaki's motion.

The Attorney Defendants have substantial contacts with the State of Illinois.  *See* ECF No. 30, Exhibit D and E.  Both of the Attorney Defendants admit that their current law firm has an office in the State of Illinois.  *Id*. at Exhibit D, ¶ 2 and Exhibit E, ¶ 2. Both of the Attorney Defendants admit that they receive income from business in the State of Illinois such that they are required to file a tax return.  *Id*. at Exhibit D, ¶ 8 and Exhibit E, ¶ 9.  Both of the Attorney Defendants admit that they have practiced law in the State of Illinois, and (in the case of Mr. Goethals) have travelled to Illinois for personal business.  *See* ECF No. 30, Exhibit D and E. The Attorney Defendants' contacts with the State of Illinois are deeper than the contacts admitted in their declarations.  Mr. Marcus is currently, and has been since 2007, appearing before the Northern District of Illinois on behalf of W.L. Gore and Associates.  *See* Docket Sheet from *Ledergerber Medical Innovations, LLC v. W.L. Gore & Assoc., Inc*., Case No. 1:07-cv-1593, Northern District of Illinois, attached as Exhibit 1.  Kawasaki believes that discovery will likely develop further contacts that these individuals may have with the State of Illinois.  This discovery is narrowly tailored to determine the extent of these contacts with the State of Illinois.

Counsel for Kawasaki discussed Kawasaki's request for jurisdictional discovery with Counsel for Mr. Goethals and Mr. Marcus.  Counsel for Mr. Goethals and Mr. Marcus refused to consent to Kawasaki's request.  Counsel for Kawasaki discussed Kawasaki's request for an extension of time with Counsel for Mr. Goethals and Mr. Marcus.  Counsel was unable to consent to this extension of time as of the filing of this motion.

**ARGUMENT**

**I.     Kawasaki Should Be Granted Leave to Conduct Jurisdictional Discovery.**

The Attorneys Defendants' motion challenges Kawasaki's complaint on both personal jurisdiction and venue grounds.  To defeat the Attorney Defendants' motion to dismiss concerning personal jurisdiction, Kawasaki bears the burden of demonstrating that personal jurisdiction exists. *See Vandeveld v. Christoph,* 877 F. Supp. 1160, 1164 (N.D. Ill. 1995). Kawasaki's compliant alleges that both Mr. Marcus and Mr. Goethals conduct business in the State of Illinois.  ECF No. 1.  However, Mr. Marcus and Mr. Goethals have submitted declarations concerning their contacts with the State of Illinois.

In order to be entitled to jurisdictional discovery, Kawasaki must establish a prima facie showing of personal jurisdiction. *Central States, Southeast and Southwest Areas Pension Fund v. Reamer Express World Corp*., 230 F.3d 934, 946 (7th Cir. 2000). As discussed above, the admissions from the Attorney Defendants demonstrate the existence of jurisdictional contacts. This is particularly true since the Attorney Defendants cannot avail themselves of the "fiduciary shield" doctrine to shield their activities from jurisdictional inquiry.

The Attorney Defendants' motion relies on Illinois' "fiduciary shield" doctrine.  Courts have used this criticized doctrine to shield individuals from the jurisdictional effects of actions taken on behalf of a corporate employer.  *See, e.g. Rice v. Nova Biomedical Corp*., 38 F3d 909, 912-15 (7th Cir. 1995) (discussing the "fiduciary shield" doctrine in Illinois but finding that it did not preclude jurisdiction).  The use of the doctrine is discretionary and only applies where the actions were taken on behalf of an employer or principal in the corporate context.  *Id*. at 912-14. This doctrine, does not shield partners in a law firm from their actions.  *See Vandeveld v. Christoph,* 877 F. Supp. at 1164.  Unlike a corporate employee, partners in a law firm are also

partial owners of the law firm, acting as both agents and principals of the partnership.  Both Mr. Marcus and Mr. Goethals are currently partners in a law firm, Locke Lord Bissell and Liddell LLP.

The Attorney Defendants have submitted declarations challenging Kawasaki's assertion that they have conducted business in the State of Illinois.  Kawasaki should be given an opportunity to challenge their assertions.  A party asserting jurisdiction should be permitted an opportunity to develop the facts demonstrating jurisdiction, particularly where the facts are particularly in the knowledge of the opposing party.  *See, e.g. Barrett v. Nicholson*, 466 F3d 1038, 1042-43 (Fed. Cir. 2006).  In order to fully respond to the Attorney Defendants' motion to dismiss for lack of personal jurisdiction and venue, Kawasaki respectfully requests leave to conduct jurisdictional discovery.

**II.     The Discovery Sought by Kawasaki is Narrowly Tailored to Address Jurisdictional Issues.**

The discovery Kawasaki seeks is narrow in scope and is designed to address questions left open by the Attorney Defendants' motion and declarations.  As discussed above, both Attorney Defendants conduct business in the State of Illinois.  Mr. Goethals has travelled to Illinois for both business and personal reasons.  Mr. Marcus currently represents a client in a patent infringement lawsuit that is pending in the State of Illinois.  Kawasaki should be given an opportunity to conduct discovery on Mr. Goethals and Mr. Marcus' contacts with Illinois prior to responding to the Attorney Defendants' motion.  Specifically, Kawasaki requests the opportunity to conduct the following discovery:

**Depositions Requested to Substantiate Assertions Made in the Motion to Dismiss**

- One Federal Rule of Civil Procedure ("FRCP") 30(b)(1) deposition of Harry Marcus and Robert Goethals (each) concerning the content of their declarations for the purposes of establishing their contacts with the state of Illinois;

**Documents Requested to Substantiate Assertions Made in the Motion to Dismiss**

- Documents sufficient to determine what legal services that Harry Marcus or Robert Goethals have performed in the State of Illinois;

- Documents sufficient to evidence any cases in which Harry Marcus or Robert Goethals have entered their appearance in the State of Illinois;

- Written correspondence between the following:

  - Defendants Harry Marcus/Robert Goethals and Defendant Bank of Montreal;

  - Defendants Harry Marcus/Robert Goethals and Thompson Coburn LLP;

  - Defendants Harry Marcus/Robert Goethals and Defendants Bombardier Recreational Products, Inc. and BRP-US, Inc. between January 1, 2008 and May 1, 2008 concerning the subordination of the Bank of Montreal's security interest to the settlement agreement between Kawasaki and Bombardier Recreational Products;  and

- Copies of the tax returns referenced in the Declarations of Harry Marcus and Robert Goethals.

## CONCLUSION

WHEREFORE, Kawasaki respectfully requests that the Court enter an Order permitting it to conduct limited jurisdictional discovery on Mr. Goethals and Mr. Marcus' contacts with the State of Illinois and that the time for Kawasaki's response to Mr. Goethals and Mr. Marcus' motion be extended to permit such discovery.  Kawasaki also requests that the date for response to Mr. Goethals and Mr. Marcus' motion (ECF No. 29) be extended until at least ten days after the Court rules on Kawasaki's motion.


Dated:  November 19, 2010                    Respectfully submitted,

                                                         Thompson Coburn LLP


                                         By: /s/ Jonathan G. Musch
                                                Richard A. Mueller
                                                Steven E. Garlock
                                                David B. Jinkins
                                                Jonathan G. Musch
                                                One US Bank Plaza
                                                St. Louis, Missouri 63101
                                                phone: (314) 552 -6000
                                                fax: (314) 552 -7000

                                                and

                                                Thomas Q. Keefe Jr.
                                                Thomas Q Keefe Jr PC
                                                6 Executive Woods Ct
                                                Swansea IL 62226-2016
                                                Phone: (618) 236-2221
                                                Fax: (618) 236-2194

                                                *Attorneys for Plaintiffs, Kawasaki Heavy Industries, Ltd. and Kawasaki Motors Manufacturing Corp., USA*

**Certificate of Service**

I hereby certify that on November 19, 2010, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to all counsel of record.

Respectfully submitted,
/s/ Jonathan G. Musch_____