IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KAWASAKI HEAVY INDUSTRIES, LTD.,**
a/k/a **KAWASAKI JUKPGYO,**
**KABUSHIKI KAISHA and KAWASAKI**
**MOTORS MANUFACTURING CORP.,**
**U.S.A.**,

**Plaintiffs,**

v.

**BOMBARDIER RECREATIONAL**
**PRODUCTS INC., BRP U.S., INC.,**
**BANK OF MONTREAL (in the capacity**
**as administrative agent) HARRY**
**MARCUS and ROBERT GOETHALS,**

**Defendants.**                                                           No. 10-0641-DRH

## ORDER

**HERNDON, Chief Judge:**

Now before the Court are Defendants Marcus and Goethals' motion for protective order pursuant to Federal Rule of Civil Procedure 26(c), or in the alternative, to vacate the Court's November 24, 2010 Order (Doc. 47) and Defendants Bombardier Recreational Products, Inc., and BRP U.S., Inc.'s motion to join and adopt Defendants Marcus and Goethals' motion for protective order pursuant to Federal Rule of Civil Procedure 26(c), or in the alternative, to vacate the Court's November 24, 2010 Order (Doc. 50). Plaintiff opposes the motion (Doc. 52). Based on the following, the Court denies both motions.

Defendants move for a protective order or, alternatively, for the Court

to vacate its November 24, 2010 Order allowing limited discovery on personal jurisdiction and venue. Defendants contend that the Court should not allow Plaintiffs to conduct jurisdictional discovery because Plaintiffs have no plausible case for general jurisdiction, because venue is improper and the discovery requested seeks attorney client privileged information, information irrelevant to jurisdiction and information that is already in Plaintiffs' possession. Specifically, Defendants argue that the Attorney Defendants have never resided in Illinois, never had an office in Illinois, never obtained or sought a law license to practice in Illinois. Defendants maintain that the Attorney Defendants only contacts with Illinois were in their official capacity as attorneys on matters unrelated to this case and because their firm has an office in Chicago, they were required to file tax returns in Illinois. Plaintiffs oppose the motions. The Court agrees with Plaintiffs' reasoning.

Based on the following, the Court finds that Defendants are not entitled to a protective order and that the Court's November 24, 2010 Order should not be vacated as it was not entered in error. The discovery sought by Plaintiffs is relevant to the Attorney Defendants' contacts with Illinois and the contacts to other parties in this litigation. In fact, the Attorney Defendants admit that they have practiced law in the Illinois, have visited Illinois, are members of a law firm with an office in Illinois, receive income from Illinois, and/or pay taxes in Illinois. Discovery is warranted to allow Plaintiffs to adequately respond to the pending motion to dismiss for lack of personal jurisdiction. Furthermore, it neither appears that Plaintiffs' claim is frivolous nor that the discovery sought is overly broad.

Accordingly, the Court **DENIES** Defendants Marcus and Goethals' motion for protective order pursuant to Federal Rule of Civil Procedure 26(c), or in the alternative, to vacate the Court's November 24, 2010 Order (Doc. 47) and Defendants Bombardier Recreational Products, Inc., and BRP U.S., Inc.'s motion to join and adopt Defendants Marcus and Goethals' motion for protective order pursuant to Federal Rule of Civil Procedure 26(c), or in the alternative, to vacate the Court's November 24, 2010 Order (Doc. 50)

**IT IS SO ORDERED.**

Signed this 19th day of January, 2011.

David R. Herndon
2011.01.19 10:26:26
-06'00'

**Chief Judge**
**United States District Court**