IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAWASAKI HEAVY INDUSTRIES LTD.          )
a/k/a KAWASAKI JUKOGYO KABUSHIKI        )
KAISHA and KAWASAKI MOTORS              )
MANUFACTURING CORP.,                    )
                                        )          Case No. 3:10-cv-641-DRH
        Plaintiffs,                     )
                                        )
        v.                              )
                                        )
BOMBARDIER RECREATIONAL                 )
PRODUCTS, INC., BRP U.S. INC., BANK OF  )
MONTREAL (in the capacity as administrative )
agent), HARRY MARCUS, and ROBERT        )
GOETHALS,                               )
                                        )
        Defendants.                     )

**ORDER**

Currently pending before the Court is a Motion for Protective Order filed by Defendants

Harry Marcus, Robert Goethals, Bombardier Recreational Products, Inc., BRP U.S., Inc. and Bank

of Montreal (Doc. 65).   For the reasons set forth below, the motion is **DENIED without**

**prejudice**.

**LEGAL STANDARDS**

Rule 26 of the Federal Rules of Civil Procedure permits litigants to seek an order to protect

relevant and discoverable material.   The Court has a duty, however, to ensure that all proposed

protective orders strike a proper balance between the public's interest in accessing

non-confidential information and the parties' interest in maintaining confidentiality with regard to

materials unsuited for public disclosure. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins.*

*Co.*, 178 F.3d 943, 945 (7th Cir. 1999) ("The judge is the primary representative of the public

interest in the judicial process and is duty-bound therefore to review any request to seal the record

(or part of it)."").   The Seventh Circuit holds the view that "the tradition that litigation is open to

the public is of very long standing." *Union Oil Company of California v. Leavell*, 220 F.3d 562,

567 (7th Cir. 2000).   Requests to seal documents and proceedings "in order to implement the

parties' preferences for seclusion" have been "uniformly rejected." *Id.* at 568.

The Court must make a finding that "good cause" exists for sealing some part of the record;

the Court may not "rubber stamp" the parties' agreed-upon stipulation of confidential materials

without making the necessary finding of good cause. *Citizens*, 178 F.3d at 945.   The Court also

cannot give the parties "virtual carte blanche" to seal whatever portions of the record the parties so

designate. *Id.* at 944.   The Circuit has provided guidance regarding what an acceptable protective

order contains.

> There is no objection to an order that allows the parties to keep their trade secrets
> (or some other properly demarcated category of legitimately confidential
> information) out of the public record, provided the judge (1) satisfies himself that
> the parties know what a trade secret is and are acting in good faith in deciding
> which parts of the record are trade secrets and (2) makes explicit that either party
> and any interested member of the public can challenge the secreting of particular
> documents.

*Id.* at 946.

### ANALYSIS

The proposed protective order is deficient under Seventh Circuit standards.   The order

seeks to protect "Confidential Information," which

> includes but is not limited to the documents and information identified above,
> which the parties agree contain trade secrets and/or nonpublic technical,
> commercial, financial, personal, or business information.   Confidential
> Information may include documents or things produced in this action (during
> formal discovery or otherwise), information produced by nonparties, responses to
> discovery requests, and information or items disclosed during depositions,
> hearings, or at trial.   Information originally designated as "Confidential
> Information" shall not retain that status after any ruling by the Court denying such

status to it.

(Proposed order, ¶1(a).)   Although the proposed order designates categories of information that might be deemed confidential (trade secrets, and nonpublic technical, commercial, financial, personal, or business information), these categories are not specific enough to assure the Court that the parties know which documents will be subject to the order.   The proposed order stipulates that documents may be designated as confidential when the "parties agree" that they contain trade secrets or confidential information.   The Seventh Circuit discourages a court from placing a "rubber stamp" on non-specific but agreed-upon designations of confidentiality. *See Citizens*, 178 F.3d at 945.   Based upon the definition in the proposed order, no party or interested member of the public could determine which information is deemed confidential.

Furthermore, the proposed order contemplates that the parties be allowed to designate as sealed in the Court's record any document determined by the parties to contain confidential information (Proposed order, ¶8).   To allow the parties to file under seal any documents they agree are confidential gives them "virtual carte blanche" to seal, and therefore limit public access to, any document they so desire.   The Court will allow the parties to file documents under seal only when they have demonstrated good cause and have received leave of court.

The parties are reminded that nothing prevents them from making an agreement among themselves as to what portions of discovery are subject to non-disclosure, but the Court will not put its imprimatur on a protective order that does not comport with the dictates of the Seventh Circuit's jurisprudence.

## CONCLUSION

For the foregoing reasons, the Motion for Protective Order (Doc. 65) is **DENIED without**

prejudice.

DATED:    March 30, 2011

**DONALD G. WILKERSON**
**United States Magistrate Judge**