IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAWASAKI HEAVY INDUSTRIES LTD. a/k/a KAWASAKI JUKOGYO KABUSHIKI KAISHA and KAWASAKI MOTORS MANUFACTURING CORP., <br><br> Plaintiffs, <br><br> v. <br><br> BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP U.S. INC., BANK OF MONTREAL (in the capacity as administrative agent), HARRY MARCUS, and ROBERT GOETHALS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3:10-cv-641-DRH-DGW |

**PROTECTIVE ORDER**

Currently pending before the Court is a Motion for Protective Order filed by Defendants Harry Marcus and Robert Goethals (Doc. 83). Defendant Marcus and Goethals seek protection of their Illinois tax returns. All parties consent to the entry of the protective order. Finding good cause, the motion is **GRANTED**. The Court enters the following protective order proposed by the parties:

Definitions

1. The following definitions shall apply to this Protective Order:

    (a) The term "Confidential Information" shall mean only Defendant Harry Marcus' tax returns and Defendant Robert Goethals' tax returns.

    (b) The term "designating party" means Defendants Harry Marcus and Robert Goethals.

    . (c) The term "receiving party" means the Plaintiffs.

### Designation of Confidential Information

2. Defendants Marcus and Goethals shall designate their tax returns as confidential by marking the pages of the documents "Confidential."

### Disclosure of the Confidential Information

3. The information designated "Confidential" may be disclosed only to the following:

(a) The attorneys and staff of any law firm acting as outside counsel for a party to this action, and those persons specifically engaged for the limited purpose of making photocopies of documents;

(b) Plaintiffs' in-house counsel, but only to the extent necessary to allow them to provide assistance to outside counsel;

(c) The Court and Court personnel, and Official Court Reporters to the extent that Confidential Information is disclosed at a deposition or court session which they are transcribing;

(d) The list of persons to whom Confidential Information may be disclosed identified in this Paragraph 3 may be expanded or modified only by mutual agreement in writing by counsel for the parties to this action without the necessity of modifying this Protective Order.

### Use and Control of the Confidential Information

4. All information designated "Confidential" shall be used by its recipient solely for the purposes of this litigation and not for any business, competitive or other purpose.

5. If Confidential Information is contained in deposition testimony, the portion of transcript containing such material may be designated as containing Confidential Information and shall be treated in accordance with this Protective Order.

6. All Confidential Information that is filed with the Court, must be filed in an envelope marked "SEALED." Any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

7. No person designated in accordance with paragraphs 3(a), (b) and (d) above shall be provided with access to Confidential Information without first signing an Acknowledgement of Protective Order in the form attached as Exhibit 1 ("Acknowledgment"). Counsel for the party obtaining the Acknowledgments shall maintain a file of all signed, original Acknowledgments.

8. Any party may disclose its own Confidential Information in any manner that it considers appropriate. .

9. Receiving parties shall keep all Confidential Information received from others in a secure area to prevent disclosure of Confidential Information to persons not authorized under this Protective Order.

<u>Duration of Order, Objection, Modifications</u>

10. This Protective Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed.

11. Upon final termination of this action (including all appeals), the designating party may demand that the receiving party either return to the designating party or destroy all Confidential Information received from the designating party and all copies thereof within 10 days of the demand.

12. If the receiving party learns that Confidential Information produced to it is disclosed to or comes into the possession of any person other than in the manner authorized by this

Protective Order, the receiving party responsible for the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

Other Remedies

13.     Nothing in this Protective Order shall prevent any party or nonparty-party from seeking additional relief from the Court.

**DATED:   May 12, 2011**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**