IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| *KAWASAKI HEAVY INDUSTRIES, LTD.* | ) | |
| *a/k/a KAWASAKI JUKOGYO KABUSHIKI* | ) | |
| *KAISHA and KAWASAKI MOTORS* | ) | |
| *MANUFACTURING CORP., U.S.A.,* | ) | |
| | ) | |
| Plaintiffs | ) | Cause No. 3:10-CV-00641-DRH - DGW |
| | ) | |
| v. | ) | |
| | ) | |
| *BOMBARDIER RECREATIONAL* | ) | |
| *PRODUCTS, INC., BRP U.S., INC., BANK* | ) | |
| *OF MONTREAL (in the capacity as* | ) | |
| *administrative agent), HARRY MARCUS,* | ) | |
| *and ROBERT GOETHALS* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT MOTION FOR STAY PENDING APPEAL
## AND MEMORANDUM OF LAW IN SUPPORT

Defendants, Bombardier Recreational Products, Inc. ("BRP") and BRP U.S., Inc. ("BRP

U.S.") (collectively referred to as the "BRP Parties"), along with the Bank of Montreal, by and

through their respective attorneys, hereby file this Joint Motion to stay proceedings in this action

until the conclusion of BRP Parties' appeal of this Court's May 5, 2011 Order pursuant to 9

U.S.C. § 16(a).  This Court should stay these proceedings because (1) the Court has no

jurisdiction to proceed with respect to the claims that will be before the Seventh Circuit while the

appeal is pending, (2) BRP Parties' appeal is neither frivolous nor taken for purposes of delay,

and (3) judicial economy requires a stay of all proceedings while BRP Parties' appeal is pending.

### BACKGROUND

Plaintiffs filed their Complaint on August 23, 2010. (Doc. #2).  BRP Parties filed their

Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, to Stay Plaintiffs' Action Pending

Arbitration on October 25, 2010. (Doc. #28).  On May 5, 2011, the Court issued a Memorandum and Order ("May 5 Order"), in which the Court found that, to the extent BRP Parties did not pursue arbitration since the dispute between the parties arose two years prior, and submitted briefs before the Eastern District of Texas, BRP Parties had acted inconsistently with intent to arbitrate and, thus, implicitly waived their right to arbitrate.  (Doc. #80).  The Court also concluded, however, that the arbitration clause at issue did not apply to defendants Harry Marcus, Robert Goethals (collectively "Attorney Defendants") and Bank of Montreal, as they are not signatories to the Settlement Agreement containing the arbitration clause.  (Doc. #80).

On May 13, 2011, BRP Parties filed a Notice of Appeal of the May 5 Order pursuant to 9 U.S.C. § 16(a).  BRP Parties' appeal seeks review of the May 5 Order.  This appeal substantially impacts and affects all claims in this case against any defendant.  Defendant Bank of Montreal does not oppose this Court staying the proceedings, and joins in this Motion.  Further, the Attorney Defendants do not oppose this Court staying the proceedings in this case pending appeal, and thus do not oppose this Motion.

## DISCUSSION

## I.     This Court Lacks Jurisdiction To Proceed During BRP Parties' Appeal.

Upon filing of BRP Parties' appeal, jurisdiction over this case transferred to the Seventh Circuit Court of Appeals, and no further proceedings in this Court would be proper as far as the claims that are subject to that appeal are concerned.  In *Griggs v. Provident Consumer Discount Co.*, the Supreme Court stated "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," and "[t]he filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." 459 U.S. 56, 58 (1982).

Following the Supreme Court's instruction in *Griggs*, many appellate courts, beginning with the Seventh Circuit, have held that an appeal from the denial of a motion to dismiss or stay under 9 U.S.C. § 4 divests the district court of jurisdiction to further proceed with respect to the claims that are the subject of the appeal.  In *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, the Seventh Circuit held that a district court was automatically divested of jurisdiction by the filing of an appeal that alleged that the claims before the district court were subject to a mandatory arbitration. 128 F.3d 504, 505 (7th Cir. 1997).  Explaining, the court quoted *Griggs,* 459 U.S. at 58, in noting that the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of jurisdiction to over aspects of the case involved in the appeal.  *Id.*  Further, the court found that the underlying claims before the district court were necessarily "involved in the appeal" because "[w]hether the case should be litigated in the district court is not an issue collateral to the question presented by an appeal under § 16(a)(1)(A) ... [I]t is the mirror image of the question presented on appeal." *Id.*

The Third, Fourth, Tenth, Eleventh, and District of Columbia Circuits have followed *Bradford-Scott Data Corp., Inc.*, and held that proceedings must be stayed when a proper appeal is taken under 9 U.S.C. § 16(a).[1]  *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) (per curiam) ("[U]pon the filing of a non-frivolous appeal under 9 U.S.C. § 16(a), the district court should not exercise control over the aspects of the case involved in the appeal"); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005) ("[U]pon the filing of a non-frivolous § 16(a) appeal, the district court is divested of jurisdiction until the appeal is resolved on the merits."); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007) (announcing "our agreement with the majority rule of automatic

---

[1] Given the split in authority on the issue at hand, BRP Parties respectfully submit cases from other Circuits to give the Court an appreciation of how the issue has been treated in other jurisdictions, and why the Court should apply the majority rule stated herein and stay proceedings.

divestiture where the Section 16(a) appeal is neither frivolous nor forfeited"); *Levin v. Alms and Associates, Inc.*, 634 F.3d 260, 266 (4th Cir. 2011); see also *Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, No. 02-7125, 2002 WL 31818924, at *1 (D.C. Cir., Dec. 12, 2002) (Motion for stay filed in circuit court was "unnecessary" because "the appeal is non-frivolous and because a non-frivolous appeal from the district court's order divests the district court of jurisdiction over those aspects of the case on appeal, this court has exclusive jurisdiction to resolve the threshold issue whether the dispute is arbitrable, and the district court may not proceed until the appeal is resolved").[2]

Courts within the First, Fifth, Sixth, and Eighth Circuits have also applied the above-noted majority rule. *See, e.g.*, *Combined Energies v. CCI, Inc.*, 495 F. Supp. 2d 142, 143-44 (D. Me. 2007) (Woodcock, Jr., J) (1st Cir.); *Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300, 309-10 (S.D. Tex. 1999) (Rosenthal, J, ) (5th Cir.); *Levy v. Cain, Watters & Assoc., P.L.L.C.*, No. 2:09-cv-723, 2010 WL 2560395, at *2-3 (S.D. Ohio June 23, 2010)(Frost, J) (6th Cir.); *Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc.*, No. 4:06-CV-1410 CAS, 2007 WL 1040938, at *2-3 (E.D. Mo. Apr. 3, 2007) (Shaw, J) (8th Cir.).[3]

The rationale underlying application of this rule is simply that, where a defendant seeks arbitration of claims raised by plaintiff, the entire case is "involved in the appeal" within the

---

[2] It is important to note that although the cases cited above refer to "non-frivolous appeals," the Supreme Court recently, in *Arthur Andersen LLP v. Carlisle*, 129 S. Ct. 1896, 1900-01 (2009), has held that an appellate court gains jurisdiction over any appeal under 9 U.S.C. § 3, whether the issues raised were frivolous or not.

[3] The Second and Ninth Circuits disagree with the majority rule, holding that an appeal under 9 U.S.C. § 16(a) does not deprive the district court of jurisdiction over the claims that are subject to appeal. See *Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir.1990); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39 (2d Cir.2004). In *Britton*, the Ninth Circuit determined that it was within the District Court's discretion to determine whether or not to enter a stay. The Ninth Circuit relied upon a decision from the District of Columbia Circuit (which has since applied the majority rule) and a District Court decision from within the Sixth Circuit—in which a District Court has since applied the majority rule. In *Motorola Credit Corp.*, the Second Circuit relied upon the *Britton*, as well another Second Circuit case, *In re Salomon Inc. Shareholders' Derivative Litig.*, 68 F.3d 554 (2d Cir. 1995), which does not deal with the jurisdictional question addressed by the majority rule. *Britton* and *Motorola Credit Corp.* represent the minority view and are far outweighed by decisions supporting the majority rule. Nonetheless, to the extent Plaintiffs may invite this Court to apply *Britton* and *Motorola Credit Corp.* in this case, which BRP Parties posit would be in error, the Court should exercise its discretion and stay this case for the reasons stated in Section II, infra.

Supreme Court's meaning in *Griggs*, and the District Court therefore loses jurisdiction over the entire matter. *Bradford-Scott Data Corp.*, 128 F.3d at 505 ("[w]hether a case should be litigated in the district court is not an issue collateral to the question presented by an appeal," but instead "is the mirror image of the question presented on [such an] appeal."); *Blinco*, 366 F.3d at 1251 ("aspect of the case involved in an appeal from an order denying a motion to compel arbitration is whether the case should be litigated at all in the district court," and "[t]he issue of continued litigation in the district court is not collateral to the question presented by an appeal under § 16(a)(1)(A)"). Once such an appeal is filed, the District Court no longer has jurisdiction to address "non-dispositive matters such as amendments to pleadings and discovery" during the course of such an appeal. *Hardin v. First Cash Fin. Servs., Inc.*, 465 F.3d 470, 474 n.2 (10th Cir. 2006); *see also Combined Energies*, 495 F. Supp. 2d at 143-44 ("To assume ongoing jurisdiction over discovery would be inconsistent with the bedrock principle that once a case is appealed, jurisdiction rests with the court of appeals, not in both the court of appeals and the district court").

Pursuant to the majority rule, which is recognized and applied by the Seventh Circuit, this Court has no jurisdiction to continue with litigation of Plaintiffs' claims while the BRP Parties' appeal is pending because the question of whether those claims should be litigated in this Court is precisely the question the Seventh Circuit is tasked with reviewing on appeal. For this reason, the Court should stay further proceedings as to all defendants in this case until BRP Parties' appeal is concluded.

## II.  The Court Should Stay This Case Because BRP Parties' Appeal Is Non- Frivolous.

Generally, an appeal is deemed "'frivolous' when the result is foreordained by the lack of substance to the appellant's arguments." *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989). A frivolous appeal means something more than a mere unsuccessful

appeal, although in certain instances, the law may be so clear and well-established that insisting on further litigation may constitute evidence of bad faith. *Reid v. U.S.*, 715 F.2d 1148, 1154 (7th Cir. 1983).

In determining that an appellant's appeal was frivolous in *Williams v. U.S. Postal Service*, the Seventh Circuit considered the facts that: (1) In light of relevant and controlling precedent in this circuit, the district court's determination was a foregone conclusion; (2) Appellant failed to cite any relevant cases, or make any arguments, to address the district court's accurate exposition of the law; (3) Most of the cases cited by appellant were "neither controlling nor relevant"; and, (4) Appellant's brief comprised of "arguments and legal precedent of only the most marginal relevance to the issues in dispute." 873 F.2d 1069, 1075 (7th Cir. 1989). The court characterized the appeal as exemplifying an "insistence on litigating a question in the face of controlling precedents which removed every colorable basis in law for the litigant's position." *Id.* (citing *Reid,* 715 F.2d at 1154).

The facts of this case stand in stark contrast to *Williams*, and clearly show that BRP Parties' appeal is not frivolous. Initially, BRP Parties have not taken appeal for the purpose of delay, and have not forfeited their rights under the Settlement Agreement's arbitration clause. BRP Parties immediately raised their right to arbitration at the earliest opportunity. Kawasaki never rejected BRP Parties' request to proceed to arbitration. Instead, after settlement negotiations (the Arbitration Agreement called for the parties to attempt to resolve and mediate before proceeding to arbitration) between the parties failed, Plaintiffs filed suit in this Court. At the earliest opportunity after suit was actually filed in this Court, the BRP Parties again requested arbitration.

BRP Parties' appeal involves a plethora of relevant cases and arguments that were raised in this Court, and are the subject of the appeal of this Court's May 5 Order.  Specifically, regarding the issue of waiver, BRP Parties did not find any Seventh Circuit cases addressing the effect of appearing in a prior litigation to raise a jurisdictional defense on a party's right to arbitration.  BRP Parties, however, submitted *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co. (Pemex)*, 767 F.2d 1140, 1143 (5th Cir. 1985)(third party defendant had not waived its right to arbitration where it raised defense of arbitration in its answer, even though there was a three-year delay before the answer was filed due to third-party defendant's extensive efforts to resist discovery on grounds court had no jurisdiction over it); *Erving v. Virginia Squires Basketball Club*, 468 F.2d 1064, 1068 (2nd Cir. 1972) (defendant's jurisdictional challenge prior to asserting its right to arbitration did not constitute waiver); *Lumbermens Mut. Casualty Co. v Borden Co.*, 268 F Supp 303, 312 (S.D.N.Y. 1967) (Charles H. Tenney, District Judge) (defendant did not waive right to compel arbitration in spite of the fact that defendant did not move to stay the action until two years after it was commenced, having in the intervening time made a motion to dismiss on jurisdictional grounds without asserting the right to arbitration, having participated in extended discovery on the issue of personal jurisdiction, and never during such time indicating the desire to arbitrate); and, *Nuclear Installation Services Co. v Nuclear Services Corp.*, 468 F.Supp. 1187, 1194 (D.C.Pa., 1979) (Louis C. Bechtle, District Judge) (petitioner's challenge to personal jurisdiction and later attempt to assert arbitration rights in the damage action did not constitute knowing waiver or relinquishment of arbitration rights) as precedential and persuasive authority.  The Court did not address application of these cases to the issue of waiver, though it relied on the BRP Parties' challenge of the Texarkana Court's

jurisdiction to hear Plaintiffs' Motion to Vacate as constituting waiver of BRP Parties' right to arbitrate Plaintiffs' present claims.

Moreover, the Seventh Circuit case relied on by this Court, *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 389 (7th Cir. 1995), is factually distinguishable from this case and actually supports a finding of non-waiver in this case. There, the defendant removed the case from state court to federal court, requested and obtained almost two thousand documents from the plaintiff in discovery before moving for a stay of the proceedings pending arbitration. Such is not the case here, where the first substantive action taken by BRP Parties was its motion to dismiss or, in the alternative request to stay Plaintiffs' action pending arbitration filed approximately two months after Plaintiffs' Complaint was filed. Thus, BRP Parties' appeal of this Court's finding of waiver has a strong basis in law, and cannot be deemed frivolous.

In this case, in light of the relevant case law cited and the facts of this case, this Court's ruling is not a foregone conclusion. BRP Parties and Kawasaki agreed to arbitration and this agreement should be enforced. Because BRP Parties' appeal is non-frivolous and is not asserted for purposes of delay, the Court should stay further proceedings until that appeal is resolved.

## III.   Judicial Efficiency Requires a Stay of All Proceedings Against All Defendants

As discussed above, BRP Parties' filing of its Notice of Appeal stays further proceedings against the BRP Parties in this Court during the pendency of the appeal. Moreover, this Court should stay proceedings against the Attorney Defendants and Bank of Montreal until the Seventh Circuit has ruled on BRP Parties' appeal.

It is important to note that the presence of other defendants in this case does not imply BRP parties must lose the benefit of the bargain they received when the parties entered in the arbitration agreement. *Bradford-Scott Data Corp., Inc.*, 128 F.3d at 507. That said, Plaintiffs'

claims against the Attorney Defendants and Bank of Montreal necessarily arise out of and relate to the Settlement Agreement.   Plaintiffs' claims against the Attorney Defendants in Counts III-VI are contemporaneously alleged against the BRP Parties as well.  (Doc # 2, Counts III-VI).  Plaintiffs do not make any independent allegations or claims against the Attorney Defendants, but allege they acted improperly in representing BRP Parties during negotiation of the Settlement Agreement.  As such, plaintiffs' claims against the Attorney Defendants cannot be separated from their claims against BRP Parties and, consequently, cannot be effectively resolved in the absence of BRP Parties from the present litigation.

In the same vein, Plaintiffs allege Bank of Montreal breached an agreement it had made with BRP Parties to subordinate its (Bank of Montreal) security interests in certain BRP patents subject to the Settlement Agreement, and tortiously interfered with the BRP Parties' performance of their obligations under the Settlement Agreement.  (Doc # 2, Counts VII and VIII).  It is unfathomable how Plaintiffs' claims against Bank of Montreal can be resolved in the absence of BRP Parties from the present litigation.  Therefore, judicial economy dictates that the proceedings be stayed not just as to the BRP Parties but as to all defendants.

Moreover, to the extent any further proceedings take place while BRP Parties' appeal is pending, such proceedings may have no binding effect on BRP Parties as far as Plaintiffs' claims against them are concerned.  It would be unreasonable to expect that discovery, relief on discovery motions, dispositive motions and trial orders granted by this Court while BRP Parties' appeal is pending should apply to or somehow bind the BRP Parties.  Consequently, in the event the Seventh Circuit agrees with this Court and affirms the May 5 Order, due process would dictate that proceedings that took place while BRP Parties were absent be duplicated to afford

them a chance to litigate the claims against them.  The BRP Parties would suffer great prejudice if this case proceeds in their absence.

Finally, all of Plaintiffs' claims are so interrelated such that continuing proceedings in this Court while BRP Parties' appeal is pending runs the real risk of yielding inconsistent outcomes in between this Court and an arbitration tribunal in the event the Seventh Circuit reverses the May 5 Order.  *See Bradford-Scott Data Corp., Inc., supra,* at 505 ("Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals").  Such a risk creates a hardship on all parties and prejudices the other defendants.  Therefore, this Court should stay these proceedings as to all defendants pending BRP Parties' appeal.  As noted above, the Attorney Defendants and Bank of Montreal do not oppose this Court staying the proceedings in this case pending appeal, and Bank of Montreal joins in this Motion.

## CONCLUSION

For the foregoing reasons, BRP Parties respectfully request that this case be stayed until BRP Parties' appeal is concluded.

SANDBERG PHOENIX & von GONTARD P.C.


By:    /s/ Fibbens A. Koranteng
John S. Sandberg
Aaron D. French
Fibbens A. Koranteng
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail:  jsandberg@sandbergphoenix.com
    afrench@sandbergphoenix.com
    fkoranteng@sandbergphoenix.com


Attorneys for Defendants
Bombardier Recreational Products, Inc.
and BRP U.S.


and


By:    /s/ James M. Heiser (by consent)
James E. Spiotto
Ann Acker
Laura E. Appleby
James Michael Heiser
Chapman and Cutler LLP
111 West Monroe Street
Chicago, IL 60603-4080
312-845-3000
312-701-2361 (Fax)
E-Mail:  spiotto@chapman.com
    acker@chapman.com
    Appleby@chapman.com
    heiser@chapman.com


Attorneys for Defendant
Bank of Montreal

**Certificate of Service**

I hereby certify that on the 13th day of May, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas Q. Keefe, Jr.
6 Executive Woods Ct.
Swansea IL  62226-2016

Richard A. Mueller
Steven E. Garlock
David B. Jinkins
Jonathan G. Musch
Alan H. Norman
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO  63101
*Attorneys for Plaintiffs*

Christopher W. Byron
Christopher J. Petri
Ronald L. Pallmann
Byron Gerber Petri & Kalb, LLC
241 North Main Street
Edwardsville, IL 62025
*Attorneys for Defendants*
*Harry Marcus and Robert Goethals*

Theodore J. MacDonald, Jr.
Beth A. Bauer
Jason D. Johnson
HeplerBroom LLC
103 West Vandalia Street, Suite 300
Edwardsville, IL 62025-0510

James E. Spiotto
Ann Acker
Laura E. Appleby
James Michael Heiser
Chapman and Cutler LLP
111 West Monroe Street
Chicago, IL 60603-4080
*Attorneys for Defendant*
*Bank of Montreal*

                                        /s/ Fibbens A. Koranteng
                                        _____

2950949\3                          12