IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KAWASAKI HEAVY INDUSTRIES, LTD.,**
a/k/a **KAWASAKI JUKPGYO,**
**KABUSHIKI KAISHA** and **KAWASAKI**
**MOTORS MANUFACTURING CORP.,**
**U.S.A.**,

**Plaintiffs,**

v.

**BOMBARDIER RECREATIONAL**
**PRODUCTS INC., BRP U.S., INC.,**
**BANK OF MONTREAL (in the capacity**
**as administrative agent) HARRY**
**MARCUS and ROBERT GOETHALS,**

**Defendants.**                                                    No. 10-0641-DRH

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is defendants' joint motion for stay pending appeal (Doc. 92). Specifically, defendants argue (1) that the Court does not have jurisdiction to proceed with respect to the claims that will be before the Seventh Circuit while the appeal is pending; (2) that the BRP defendants' appeal is neither frivolous nor taken for the purpose of delay; and (3) that judicial economy requires a stay of the proceedings while the appeal is pending. Plaintiffs filed their response on May 24, 2011 (Doc. 98). Plaintiffs do not oppose a stay regarding their claims against Bombardier Recreational Products, Inc., and BRP, US, Inc. (collectively

"BRP") (Doc. 98). However, plaintiffs do oppose a stay regarding their claims against the other defendants. Based on the following, the Court stays this matter pending appeal.

On May 5, 2011, the Court denied the BRP defendants' motion to dismiss plaintiffs' complaint, or alternative, to stay plaintiffs' action pending arbitration (Doc. 80). Subsequently, the BRP defendants, pursuant to 9 U.S.C. § 16(a), appealed the Court's Order on May 13, 2011 (Doc. 90). That same day, the defendants jointly filed the motion to stay pending appeal (Doc. 92).

Since there is no dispute as a stay regarding the claims against the BRP defendants, the Court finds that a stay is proper and stays the claims against the BRP defendants pending appeal. Therefore, the Court must determine whether a stay is proper as to the remaining claims. Defendants argue that because the claims against the Bank of Montreal, Harry Marcus and Robert Goethals arise out of and relate to the settlement agreement judicial efficiency requires a stay of these claims as well. Plaintiffs request that the Court deny the stay and permit fact discovery against these defendants during the appeal. Plaintiffs contend that these defendants do not have a role in the appeal and that regardless of the outcome of the appeal, the claims against non-signatory parties will remain.

A movant does not have an absolute right to a stay. Instead, the movant bears the burden of proof to show that the Court should exercise its discretion in staying the case. **Indiana State Police Pension Trust v. Chrysler, LLC, — U.S.—, 129 S. Ct. 2275, 2277 (2009)**. "The power to stay a case is 'incidental to

the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " ***Walker v. Merck & Co., Inc.***, No. 05-cv-360-DRH, 2005 WL 1565839 at *2 (S.D. Ill. June 22, 2005) (Herndon, J.) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties." ***Id.* (citation omitted)**.

Here, based on the allegations contained in the complaint, the Court finds that a stay as to *all* claims pending appeal is warranted. A stay will avoid piecemeal litigation and promote judicial efficiency. Further, the Court finds that a stay will not unduly prejudice or produce hardships on any of the parties.

Accordingly, the Court **GRANTS** the motion to stay. The Court **STAYS** this matter pending the appeal.

**IT IS SO ORDERED.**

Signed this 27th day of May, 2011.

Digitally signed by David R. Herndon
Date: 2011.05.27 14:45:38 -05'00'

**Chief Judge
United States District Court**