IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAWASAKI HEAVY INDUSTRIES, LTD. (a/k/a KAWASAKI JUKOGYO KABUSHIKI KAISHA) and KAWASAKI MOTORS MANUFACTURING CORP., U.S.A., | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 3:10-cv-00641-DRH-DGW |
| vs. | ) ) ) |
| BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP U.S., INC., BANK OF MONTREAL (in its capacity as administrative agent), HARRY MARCUS, and ROBERT GOETHALS, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' MOTION TO LIFT THE STAY AS TO DEFENDANTS
BANK OF MONTREAL AND MARCUS AND GOETHALS**

Plaintiffs Kawasaki Heavy Industries, Ltd. and Kawasaki Motors Manufacturing, Corp. USA (collectively "Kawasaki") hereby seek an Order from the Court lifting the Order of May 13, 2011 imposing a stay of the case pending completion of the appeal to the Seventh Circuit as to the attorney defendants (Harry Marcus and Robert Goethals) and the Bank of Montreal ("Non-Signatory Defendants"). Because these parties are not subject to the arbitration clause that was the subject of BRP's motion (and thus the appeal), the case may proceed as to these parties. Kawasaki therefore requests that the Court lift the stay as to these defendants and set a status conference to discuss a new scheduling order.

**BACKGROUND**

On May 5, 2011, this Court denied the motion to dismiss or stay in favor of arbitration filed by BRP and BRP US (collectively BRP).[1] ECF No. 80. On May 13, BRP appealed this decision. ECF No. 90. Shortly thereafter, BRP also filed a motion to stay the case pending

---

[1] The basis for BRP's motion was a binding arbitration clause found in the settlement agreement between BRP and Kawasaki. It is this settlement agreement that BRP breached.

arbitration. ECF No. 93. The Court granted this motion on May 27, 2011 and stayed the case pending completion of the appeal by BRP to the Seventh Circuit. ECF No. 102. On October 21, 2011, the Seventh Circuit held that this Court's Order of May 5, 2011 was in error, reversing the decision of the Court as to BRP and vacating the portion of the opinion as it relates to the Non-Signatory Defendants. *See Kawasaki Hvy. Indus. Ltd. v. Bombardier Rec. Prods., Inc.*, --- F.3d ----, 2011 WL 5009426 (7th Cir. October 21, 2011). The judgment in this appeal is now final and the Seventh Circuit has returned jurisdiction over the case back to this Court for further proceedings. ECF No. 113.

## ARGUMENT

### I. This Case May Proceed Against the Non-Signatories.

The attorney defendants and the Bank of Montreal are not parties to the Settlement Agreement. As such, they are not bound by the arbitration clause. *Grundstad v. Ritt*, 106 F.3d 201, 204 (7th Cir. 1997). These parties have not expressed any desire to arbitrate and cannot be compelled to arbitrate since no agreement to arbitrate was formed. *Id*. The Seventh Circuit's opinion did not address (except to state that the record did not reflect any intent to arbitrate) the applicability of the arbitration clause to the Non-Signatory Defendants; indeed, the Seventh Circuit found that BRP could not request relief on behalf of the Non-Signatory Defendants. *Kawasaki Hvy. Indus.*, 2011 WL 5009426, at *7. The Seventh Circuit vacated this Court's order as to the Non-Signatory Defendants and Kawasaki concerning the arbitration clause because BRP lacked standing. *Id*.

This Court's rationale for imposing a stay on all the parties pending the appeal was judicial economy, essentially to avoid having this case proceed at two different speeds for the signatory defendants (BRP and BRP US) and the Non-Signatory Defendants (the attorney

defendants and the Bank of Montreal). ECF No. 102.  This rationale no longer supports maintaining the stay as to the Non-Signatory Defendants.  As explained by the Seventh Circuit, Kawasaki must first pursue its claims against BRP arising out of the settlement agreement in arbitration.  *Kawasaki Hvy. Indus.*, 2011 WL 5009426, at *8.  Therefore, the progress of the case as to BRP is no longer a relevant concern.[2]

Further, Kawasaki's claims against the Non-Signatory Defendants are distinct from those plead against BRP.  Kawasaki's central claims against BRP are breach of contract and specific performance.  ECF No. 1.  None of Kawasaki's claims against the Non-Signatory Defendants are based on a breach of the settlement agreement.  *Id*.  For example, Kawasaki's claims against the Bank of Montreal relate to an entirely different agreement, based on BRP's representations to Kawasaki that an agreement had been reached between BRP and Kawasaki.  It therefore does not promote judicial economy for the Court to continue the stay as to the Non-Signatory Defendants, the attorneys Mr. Marcus and Mr. Goethals, and the Bank of Montreal.

## II.     The Portion of the Case Related to BRP Must Remain Stayed.

The Seventh Circuit reversed this Court's Order of May 5, 2011 for proceedings consistent with its Judgment.  The Seventh Circuit's preference is to stay cases pending arbitration rather than dismiss.  *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) ("the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright.").  This case is currently stayed as to all parties, including BRP.  By this motion, Kawasaki does not request that the Court lift the stay as to BRP, but rather believes that the stay as to BRP should be extended until completion of the arbitration.

---

[2] Further, no arbitration has been filed yet by Kawasaki or BRP.

## CONCLUSION

WHEREFORE, Kawasaki respectfully requests that the Court enter an Order removing the stay ordered by the Court as to Mr. Marcus, Mr. Goethals, and the Bank of Montreal. In light of the Seventh Circuit's ruling, Kawasaki requests that this Court keep the stay in place as to BRP and BRP US.


Dated:  December 20, 2011               Respectfully submitted,

                                        Thompson Coburn LLP


                                        By: /s/ Jonathan G. Musch
                                            Richard A. Mueller
                                            Steven E. Garlock
                                            David B. Jinkins
                                            Jonathan G. Musch
                                            One US Bank Plaza
                                            St. Louis, Missouri 63101
                                            phone: (314) 552-6000
                                            fax: (314) 552-7000

                                            and

                                            Thomas Q. Keefe Jr.
                                            Thomas Q Keefe Jr PC
                                            6 Executive Woods Ct
                                            Swansea IL 62226-2016
                                            Phone: (618) 236-2221
                                            Fax: (618) 236-2194

                                            *Attorneys for Plaintiffs, Kawasaki Heavy
                                            Industries, Ltd. and Kawasaki Motors
                                            Manufacturing Corp., USA*

### Certificate of Service

I hereby certify that on December 20, 2011, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to all counsel of record.

                                        /s/ Jonathan G. Musch