IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAWASAKI HEAVY INDUSTRIES, LTD. (a/k/a KAWASAKI JUKOGYO KABUSHIKI KAISHA) and KAWASAKI MOTORS MANUFACTURING CORP., U.S.A., | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 3:10-cv-00641-DRH-DGW ) |
| vs. | ) ) |
| BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP U.S., INC., BANK OF MONTREAL (in its capacity as administrative agent), HARRY MARCUS, and ROBERT GOETHALS, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO HARRY MARCUS AND ROBERT GOETHAL'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

Because both Harry Marcus and Robert Goethals ("Marcus" and "Goethals," respectively) are subject to general personal jurisdiction in the state of Illinois, Plaintiffs Kawasaki Heavy Industries, Ltd. and Kawasaki Motors Manufacturing, Corp. USA (collectively "Kawasaki") respectfully request that the Court deny Harry Marcus and Robert Goethals' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (ECF No. 30). Further, venue and personal jurisdiction are proper in this District for Bank of Montreal ("BMO"), Bombardier Recreational Products, Inc., and BRP U.S., Inc. (collectively "BRP"). *See*, *e.g.*, ECF No. 84 (order denying BMO's motion to dismiss for improper venue). Because there is no other identified venue in which both personal jurisdiction and venue would be proper for all defendants, venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(3).

## ARGUMENT

### I. The Court Has General Jurisdiction Over Marcus and Goethals

Marcus by his own admission is and was a partner at Locke Lorde LLP ("Locke Lorde"), as was Goethals. *See*, *e.g.*, ECF No. 30, p. 4 and Ex. D. It is further indisputable that Locke Lorde is subject to general jurisdiction in the State of Illinois. Locke Lorde has "continuous and systematic" contacts with Illinois through its law office and numerous attorneys at 111 South Wacker Drive, Chicago, Illinois 60606, at which it transacts business, makes and performs contracts, and provides legal services. *See*, *e.g.*, *Arnold v. Miller*, No. 08–234–DRH, 2009 WL 2020838, at *2-6 (S.D. Ill. July 9, 2009) (Herndon, C.J.).

Because Marcus and Goethals are partners in a partnership that is subject to general personal jurisdiction, so too are Marcus and Goethals under well-established case law. *See West v. Vandenheuvel*, No. 94 C 50276, 1995 WL 360461, at *2-6 (N.D. Ill. June 16, 1995) (Reinhard, J.) (*citing Intercontinental Leasing, Inc. v. Anderson*, 410 F.2d 303, 305 (10th Cir. 1969)). Under this long-standing law, personal jurisdiction over a partnership establishes personal jurisdiction over its partners. *Id.*; *see also Wolfson v. S & S Securities*, 756 F. Supp. 374, 377-78 (N.D. Ill. 1991) (Bua, J.); *see also Resolution Trust Corp. v. Deloitte & Touche*, 822 F. Supp. 1512, 1514-15 (D. Colo. 1993) (Carrigan, J.).

In *West v. Vandenheuvel*, the Northern District of Illinois found that the same principal applied to "professional service corporations" (or P.C.s), which it found to be more akin to a "partnership" than a traditional corporation. 1995 WL 360461, at *5. Accordingly, the same rule applies here. As the Court knows, law firms are traditionally incorporated as either "limited liability partnerships" (LLP), as is Locke Lorde, or "professional corporations" (P.C.). LLPs are, in fact, even closer akin to partnerships, as is obvious by their very name, and thus the rule of

*West v. Vandenheuvel* applies. Because Locke Lorde is subject to personal jurisdiction in Illinois, personal jurisdiction is proper over Marcus.

Further, Marcus and Goethals, although they have denied it throughout this proceeding, do indeed practice law in Illinois. In fact, Marcus and Goethals both represent BRP in a patent infringement action against Arctic Cat, Inc., now pending before the Northern District of Illinois. *See Bombardier Recreational Prods., Inc. v. Arctic Cat, Inc.*, No. 1:11-CV-08897 (N.D. Ill. 2011) (both Marcus and Goethals are included on the signature block for BRP). Accordingly, personal jurisdiction is proper over defendants.

Marcus and Goethals' reliance on the "fiduciary shield" doctrine and principals of agency law with respect to partnerships is misplaced. The "fiduciary shield" doctrine is an equitable and discretionary doctrine that protects individuals from the jurisdictional effects of actions taken on behalf of their employers. *See*, *e.g.*, *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912-15 (7th Cir. 1995) (discussing the "fiduciary shield" doctrine in Illinois but finding that it did not preclude jurisdiction). However, it only applies in the corporate context, and does not shield partners in a law firm from their actions because they are partial owners who act as both agents and principals of the partnership. *Id.* at 912-14; *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1164 (N.D. Ill. 1995) (Bucklo, J.). *See also Beesen-Dwars v. Morris*, No. 06 C 5593, 2007 WL 2128348 (N.D. Ill. July 24, 2007) (Lefkow, J.); *Felicia, Ltd. v. Gulf American Barge, Ltd.*, 555 F. Supp. 801 (N.D. Ill. 1983) (Shadur, J.).

Moreover, as described above, jurisdiction in this case is proper regardless of the individual actions of Marcus or Goethals—thus, the "fiduciary shield" doctrine is inapplicable in any event. Even if the Court agrees with Marcus and Goethals' assessment of the doctrine, general jurisdiction can still be found based on the fact that Marcus and Goethals own an Illinois

law firm that does business in Illinois and is subject to general personal jurisdiction in this state. *See West v. Vandenheuvel*, 1995 WL 360461, at *2-6. The rule of *West v. Vandenheuvel* applies because the partnership is an agent of its partners, including Marcus and Goethals. Thus, Marcus and Goethals' arguments that actions of their fellow partners cannot be imputed to them are irrelevant. Personal jurisdiction need not be based on any such actions of any individual partner but the partnership itself. General Jurisdiction over Marcus and Goethals is thus proper under the law of this State and Circuit.

## II. Venue is Proper Under 28 U.S.C. § 1391(a)(3)

Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(3). It is indisputable that venue is proper as to the Bank of Montreal. The Court has already held as such. *See*, *e.g.*, ECF No. 84 (order denying BMO's motion to dismiss for improper venue). Further, personal jurisdiction is proper as to BMO, and, similarly, personal jurisdiction and venue are proper as to BRP, because the parties never raised and thus waived these issues. Accordingly, because this action is based on diversity jurisdiction, venue is proper in this district under 28 U.S.C. § 1391(a)(3) because "there is no district in which the action may otherwise be brought."

Marcus and Goethals argue that 28 U.S.C. § 1391(a)(3) does not apply because the action could have been brought in either the Southern District of New York or the Eastern District of Texas pursuant to § 1391(a)(2). This argument is incorrect.

According to Marcus and Goethals' motion, their misrepresentations occurred in the Southern District of New York, and thus venue is proper there under § 1391(a)(2). However, they also state that the cause of action against BRP arose from events that occurred in the Eastern District of Texas. Thus, while Southern District of New York might be a proper venue for Marcus and Goethals, it would not necessarily be a proper venue for BRP under § 1391(a)(2).

Similarly, while the Eastern District of Texas is a proper venue for BRP, it is improper for Marcus and Goethals under § 1391(a)(2) for at least one of Kawasaki's claims. *See McCaskey v. Continental Airlines, Inc.*, 133 F. Supp. 2d 514, 526 (S.D. Tex. 2001) (Kent, J.) (citing numerous cases that there must be proper venue over each party for each claim in a different jurisdiction for section (a)(3) to not apply).

More importantly, Marcus and Goethals fail to explain how venue and personal jurisdiction as to BMO would be proper in either the Southern District of Texas or the Eastern District of Texas. *Id.* (holding that there must also be personal jurisdiction over each party in a different jurisdiction for section (a)(3) to not apply). Further, it is the defendants burden to establish that another venue exists. *Id.*; *see also* Wright & Miller, Federal Practice and Procedure, § 3806.2.

Marcus and Goethals have not and cannot establish that this action could have been brought in another district. BMO is a foreign entity based in Canada. Under Marcus and Goethal's analysis that the cause of action against them arose from events in the Southern District of New York, the action against BMO would have arisen from events in Canada (but directed at Plaintiffs in the United States).

Further, Marcus and Goethals have provided no basis for how either of these districts could exercise personal jurisdiction over BMO. This Court and the State of Illinois have jurisdiction over BMO because of its waiver and because BMO operates and acts in the United States through its Chicago Branch located at 115 South LaSalle Street, Chicago, Illinois. *See* ECF No. 35, at 3 (BMO's motion to dismiss). There is, however, absolutely no indication that BMO has connections with or is subject to personal jurisdiction in New York or Texas. In fact,

in its motion, BMO glaringly failed to discuss how it would be subject to process in any other venue, presumably because it would move to dismiss if this action were transferred. *See id.*

Because this action cannot proceed outside of Illinois, venue is proper under § 1391(a)(3). In fact, this multi-defendant, multi-claim action is a textbook example of why Congress enacted the fallback venue provision of § 1391(a)(3) in the first place. *See* Wright & Miller, Federal Practice and Procedure, §§ 3806.2, 3807.

## CONCLUSION

WHEREFORE, Kawasaki respectfully requests that the Court deny Harry Marcus and Robert Goethals' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue.

Dated: December 20, 2011

Respectfully submitted,

Thompson Coburn LLP

By: /s/ Jonathan G. Musch
Richard A. Mueller
Steven E. Garlock
David B. Jinkins
Jonathan G. Musch
One US Bank Plaza
St. Louis, Missouri 63101
phone: (314) 552 -6000
fax: (314) 552 -7000

and

Thomas Q. Keefe Jr.
Thomas Q Keefe Jr PC
6 Executive Woods Ct
Swansea IL 62226-2016
Phone: (618) 236-2221
Fax: (618) 236-2194

*Attorneys for Plaintiffs, Kawasaki Heavy Industries, Ltd. and Kawasaki Motors Manufacturing Corp., USA*

**Certificate of Service**

- 7 -

I hereby certify that on December 20, 2011, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to all counsel of record.

                                                  Respectfully submitted,
                                                  /s/ Jonathan G. Musch