IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAWASAKI HEAVY INDUSTRIES, LTD. (a/k/a KAWASAKI JUKOGYO KABUSHIKI KAISHA) and KAWASAKI MOTORS MANUFACTURING CORP., U.S.A., <br><br> Plaintiffs, <br><br> vs. <br><br> BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP U.S., INC., BANK OF MONTREAL (in its capacity as administrative agent), HARRY MARCUS, and ROBERT GOETHALS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 3:10-cv-00641-DRH-DGW |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO LIFT STAY

Plaintiff Kawasaki Heavy Industries, Ltd. and Kawasaki Motors Manufacturing, Corp. USA (collectively "Kawasaki") hereby submit their reply in support of their motion to lift the stay ordered in this case as to Harry Marcus, Robert Goethals, and the Bank of Montreal (collectively, the "Non-Signatory Defendants").[1]  Kawasaki's claims against these defendants are not based on breach of settlement agreement, but instead sound in tort (Marcus/Goethals) and breach of a third party beneficiary contract (the Bank of Montreal).  Seventh Circuit precedent and the absence of any arbitration proceeding place a decision in the discretion of this Court – discretion that this Court should exercise in permitting Kawasaki to pursue its claims against these other defendants.  Kawasaki's claims against these parties have been delayed long enough.

There are at least two reasons why Kawasaki believes that a reply in support of their motion is both necessary and appropriate under the Local Rules of this Court.  The first reason is the insertion of an alleged non-joinder of Kawasaki Motors Corp. U.S.A. ("KMC") in

---

[1] None of these defendants are signatories to the settlement agreement between Kawasaki and the Defendants BRP, Inc. and BRP-US

opposition. This is irrelevant response to Kawasaki's narrow motion. The second reason is that Kawasaki's motion was premised on the idea that Seventh Circuit precedent placed a decision as to this motion in the Court's discretion. Much of the case law cited by the Non-Signatory Defendants is premised on a theory rejected by the Seventh Circuit.

1. **Seventh Circuit Case Law Dictates that the Non-Signatory Defendants Are Not Entitled to A Stay Pursuant to the Federal Arbitration Act, 9 U.S.C. § 3.**

Kawasaki did not file against the Non-Signatory Defendants for the purposes of evasion – far from it. Kawasaki's stated goal throughout this case was to get all of the relevant parties in the same lawsuit, at the same time. This avenue has been foreclosed by the Seventh Circuit's opinion. Kawasaki now wishes to proceed with discovery as to the Non-Signatory Defendants. The Federal Arbitration Act does not support a stay as to these parties. The Seventh Circuit has explained that "[a]lthough not expressly so limited, section 3 assumes and the case law holds that the movant for a stay, in order to be entitled to a stay under the arbitration act, must be a party to the agreement to arbitrate, as must be the person sought to be stayed." *IDS Life Ins. Co. v. SunAmerica, Inc*. 103 F.3d 524, 529 (7th Cir. 1996). "The statute has no application to 'issues' in cases between different parties [who have not both agreed to arbitrate]." *Id.* The Non-Signatory Defendants are not parties to the agreement and thus cannot avail themselves of Section 3. Defendants identify a host of cases outside this circuit relying on the theory rejected in *IDS Life. See Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 345 (5th Cir. 2004) (applying 9 U.S.C. § 3 to a non-signatory); *Aggrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 242 F.3d 777 (8th Cir. 2001); *Contracting Northwest, Inc. v. City of Fredericksburg*, 713 F.2d 382, 386-87 (8th Cir. 1983) (same); *American Home Assurance Co. v. Vecco Concrete Constr. Co.*, 629 F.2d 961, 963-64 (4th Cir. 1980) (same); *Miron v. BDO Seidman, LLP*, 342 F. Supp. 2d 322, 3344 (E.D. Pa. 2004) (same); *Spencer Furniture, Inc. v.*

*Media Arts Group, Inc.*, 349 F. Supp. 2d 49, 53 (D. Mass. 2003) (same and citing *Morrie Mages & Shirlee Mages Found. v. Thrifty Corp.,* 916 F.2d 402 (7th Cir. 1990)). These cases are premised on a rationale rejected by the Seventh Circuit. *See IDS Life*, 103 F.3d at 530 (rejecting the rationale expressed in *Morrie Mages*). *IDS* directs that any stay should first be analyzed in the context of the doctrine of parallel proceeding abstention. *See IDS Life*, 103 F.3d at 530.

### 2. The Parallel Proceeding Abstention Doctrine Is Inapplicable Here as No Arbitration Has Been Filed as of the Date of this Reply.

The movant seeking a stay under the parallel proceeding abstention doctrine bears a heavy burden and must demonstrate that the stay should not prejudice the non-moving litigant unduly. *Sierra Rutile Ltd. v. Katz*, 937 F.2d 743, 750 (2d Cir. 1991) (movant must "demonstrate to the satisfaction of the court that they have not taken nor will take any steps to hamper the progress of the arbitration proceeding, that the arbitration may be expected to conclude within a reasonable time, and that such delay as may occur will not work undue hardship"). Defendants have not met this burden.[2] Here, the Non-Signatory Defendants are proposing an additional stay of a case that has already been stayed for several months while BRP pursued its appeal to the Seventh Circuit. Regardless of their showing, this doctrine is not applicable here because there is no parallel proceeding. *See AAR Int'l, Inc. v. Nimelias Enterprises, S.A.*, 250 F.3d 510 (7th Cir. 2001) (where there is no parallel proceeding, abstention does not apply). There is not a currently pending arbitration proceeding and thus this doctrine is inapplicable.

### 3. This Court Has the Discretion to Deny the Non-Signatory Defendants' Request and Permit That Aspect of the Case to Move Forward.

Thus, the only ground for a stay is this Court's discretionary power to control its docket. *See, e.g. Allied Van Lines, Inc. v. Orth Van & Storage, Inc.*, 2005 WL 1563111 (N.D. Ill. June 3,

---

[2] Defendants argue that a proceeding against BRP raises questions of collateral estoppel, but it is unclear how this is the case since an arbitrators' finding is not likely to be binding against any entity that is not party to the arbitration.

3

2005). This Court should permit Kawasaki to proceed with discovery on its claims against the Non-Signatory Defendants. None of the Non-Signatory Defendants are parties to the settlement agreement between Kawasaki and BRP and none of the Non-Signatory Defendants have indicated a desire to willing participate. Thus, none of these parties will be parties to any arbitration between Kawasaki and BRP and will not be bound by an arbitrator's findings.

Kawasaki's claims against the attorney defendants sound in tort and are not based in a breach of the arbitration agreement. ECF No. 80, at 12. Likewise, Kawasaki's alternative theory based on the Bank of Montreal's breach of a third party beneficiary contract is distinct from Kawasaki's breach of contract claim against BRP. ECF No. 80, at 13. The Seventh Circuit may have reversed this opinion, but Kawasaki respectfully submits that this Court's factual findings with respect to the Non-Signatory Defendants are still valid. While the factual circumstances surrounding these claims overlap with those raised in the portion of the suit against BRP, Kawasaki's claims at issue here do not rely on the breach of contract and are distinct from BRP.

Moreover, the Bank of Montreal plays a central role in this case as it is the administrative agent that controls the right to grant the subordination agreement that Kawasaki seeks.[3] *See* Settlement Agreement, filed at ECF No. 124-1, at p. 7. At a minimum, this fact places this case on a factual footing distinct from the other cases cited by defendants. If Kawasaki's claims against the Bank of Montreal are successful, claims which are not subject to arbitration, it is the arbitration that is rendered moot as opposed to the converse. A successful claim against the Bank of Montreal would mean that BRP's initial representations were not false and could result in Kawasaki obtaining the subordination it seeks.

---

[3] Marcus and Goethals' assertion that BRP complied with the Settlement Agreement is meritless. BRP was obligated to provide evidence sufficient to establish that it had made all security agreements pertaining to the affected patents subordinate to Kawasaki's rights. It has not done so. Merely identifying a provision that *may* indicate it had the authority to enter into the agreement (Kawasaki disputes that BRP obtained the necessary authority) does not establish that Kawasaki's rights were made superior to that security agreement.

**4. Kawasaki Motor Corp. Is Not A Necessary Party.**

In its opposition, the Bank of Montreal curiously raises the issue that KMC is a necessary party because it was named in the settlement agreement that underlies the action against BRP. This would seem to have little to do with the merits. The Bank is incorrect that KMC is a necessary party. KMC is a wholly owned subsidiary of Kawasaki Heavy Industries, Ltd. ("KHI," a Japanese Corporation). KHI is also the owner by assignment of all of the patents in the Kawasaki patent portfolio. Kawasaki Motors Manufacturing, the other plaintiff, is the manufacturing subsidiary of KHI in the United States, and manufactures, among other things, personal watercraft. Kawasaki has named the two entities principally affected by the issues in this case – KHI (the parent company by which personal watercraft are designed) and Kawasaki Motors Manufacturing (the subsidiary corporation responsible for manufacturing the personal watercraft). Indeed, KMC's relationship to this lawsuit is that it was named as a defendant in BRP's patent infringement actions and thus was necessarily included in the settlement agreement. There is no likelihood of inconsistent results and the absence of KMC is not prejudicial to any party. *See Promatek Indus., Ltd. v. Equitrac Corp*., 185 F.R.D. 520, 523-24 (N.D. Ill. 1999). The Bank of Montreal's citation to case law involving insurance companies is irrelevant. *See Georgia-Pacific Corp. v. Sentry Select Ins. Co*., No. 05-cv-826-DRH, 2006 WL 1525678 (S.D. Ill. May 26, 2006). The Bank of Montreal's assertion that it will be subject to multiple inconsistent verdicts is without basis in fact.

## CONCLUSION

For the foregoing reasons and those stated in Kawasaki's motion, Kawasaki respectfully requests that this Court grant its motion and lift the stay as to the Non-Signatory Defendants and set a scheduling conference for the preparation of a schedule to complete discovery.

Dated:  January 24, 2012                          Respectfully submitted,

                                                                  Thompson Coburn LLP

                                      By: /s/ Jonathan G. Musch
                                            Richard A. Mueller
                                            Steven E. Garlock
                                            David B. Jinkins
                                            Jonathan G. Musch
                                            One US Bank Plaza
                                            St. Louis, Missouri 63101
                                            Phone: (314) 552 -6000
                                            Fax: (314) 552 -7000

                                            and

                                            Thomas Q. Keefe Jr.
                                            Thomas Q Keefe Jr PC
                                            6 Executive Woods Ct
                                            Swansea IL 62226-2016
                                            Phone: (618) 236-2221
                                            Fax: (618) 236-2194

*Attorneys for Plaintiffs, Kawasaki Heavy Industries, Ltd. and Kawasaki Motors Manufacturing Corp., USA*

## Certificate of Service

I hereby certify that on January 24, 2012, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to all counsel of record.

                                                                /s/ Jonathan G. Musch