IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KAWASAKI HEAVY INDUSTRIES, LTD.,**
a/k/a **KAWASAKI JUKPGYO,**
**KABUSHIKI KAISHA and KAWASAKI**
**MOTORS MANUFACTURING CORP.,**
**U.S.A.**,

**Plaintiffs,**

v.

**BOMBARDIER RECREATIONAL**
**PRODUCTS INC., BRP U.S., INC.,**
**BANK OF MONTREAL (in the capacity**
**as administrative agent) HARRY**
**MARCUS and ROBERT GOETHALS,**

**Defendants.**                                    No. 10-0641-DRH

MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is plaintiffs' motion to lift the stay as to defendants Bank of Montreal, Marcus and Goethals (Doc. 116). Specifically, plaintiffs maintain that the stay as to these defendants should be lifted because these parties are not subject to the arbitration clause and thus, the case may proceed as to these parties. Bank of Montreal, Marcus and Geothals oppose the motion arguing that the stay should remain pending the outcome of the arbitration between plaintiffs and Bombardier Recreational Products, Inc. and BRP U.S., Inc. ("BRP") (Docs. 122 & 124). Further, Marcus and Geothals ask the Court to stay the matter with the exception of their pending motion to dismiss for lack of personal jurisdiction. Based

on the following, the Court denies the motion to lift the stay.

On May 27, 2011, the Court stayed this matter as to all parties pending appeal by BRP from the denial of its motion to dismiss or stay and compel arbitration(Doc. 102). The Court held:

> "based on the allegations contained in the complaint, the Court finds that a stay as to *all* claims pending appeal is warranted. A stay will avoid piecemeal litigation and promote judicial efficiency. Further, the Court finds that a stay will not unduly prejudice or produce hardships on any of the parties."

Thereafter on October 21, 2011, the Seventh Circuit reversed this Court's decision finding that under the arbitration clause plaintiffs were required to arbitrate their claims against BRP. (Doc. 113).

Therefore, the Court must determine whether the stay remains proper as to the these defendants. Plaintiffs request that the Court lift the stay as these defendants are not parties to the settlement agreement and thus, are not bound by the arbitration clause. Plaintiffs still maintain that the claims against these defendants are distinct from the claims against BRP and thus, it does not promote judicial economy for the Court to continue the stay as to these defendants. Defendants argue that continuing the stay is proper because the claims against the Bank of Montreal, Harry Marcus and Robert Goethals arise out of the same nucleus of operative facts, i.e., the negotiation of the settlement agreement and BRP's alleged failure to provide a subordination agreement with regard to the security interest of the Bank of Montreal in the patents at issue.

The Seventh Circuit has ruled that a stay may be appropriate, in accordance with the principles of parallel-proceeding abstention, where "a party to an arbitration

agreement, trying to get around it, sues not only the other party to the agreement, but some related party with which it has no arbitration agreement, in the hope that the claim against the other party will be adjudicated first and have preclusive effect in the arbitration." *IDS Life Ins. Co. v. Sunamerica, Inc.,* 103 F.3d 524, 530 (7th Cir.1996) (rejecting stay for non-signatory based on section 3 of the Federal Arbitration Act ("FAA"), but allowing one under principles of parallel proceeding abstention).

Further, a movant does not have an absolute right to a stay. Instead, the movant bears the burden of proof to show that the Court should exercise its discretion in staying the case. *Indiana State Police Pension Trust v. Chrysler, LLC*, — U.S.—, 129 S. Ct. 2275, 2277 (2009). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Walker v. Merck & Co., Inc.*, No. 05-cv-360-DRH, 2005 WL 1565839 at *2 (S.D. Ill. June 22, 2005) (Herndon, J.) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Id*. (citation omitted).

Here, as previously noted, based on the allegations contained in the complaint, the Court finds that continuing the stay as to *all* claims pending the outcome of arbitration is warranted. The gist of plaintiffs' claims against these defendants is that BRP, through the representations of its outside counsel, Marcus and Goethals, fraudulently induced plaintiffs into a settlement agreement regarding patent infringement suits between BRP and plaintiff and that BRP then breached the

settlement agreement by failing to produce a subordination agreement from its lender the Bank of Montreal with respect to the patents at issue. The complaint demonstrates that the claims against all the parties arise from the same set of expressly pleaded "common" facts surrounding the negotiation of the settlement agreement and BRP's alleged breach of the settlement agreement by failing to provide a subordination agreement from the Bank of Montreal. It is clear that plaintiffs' claims against these defendants involves, or will be influenced by, the pending arbitration. Thus, a stay will avoid piecemeal litigation; will avoid inconsistent results and will promote judicial efficiency. Further, it is possible that arbitration could result in a settlement of these claims. In addition, the Court finds that a stay will not unduly prejudice or produce hardships on any of the parties.

Accordingly, the Court **DENIES** plaintiffs' motion to lift the stay as to defendants Bank of Montreal, Marcus and Goethals (Doc. 116). The stay remains in effect until the outcome of the pending arbitration between plaintiffs and BRP.

**IT IS SO ORDERED.**

Signed this 11th day of April 2012.

David R. Herndon
2012.04.11
11:50:54 -05'00'

**Chief Judge**
**United States District Court**