IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAWASAKI HEAVY INDUSTRIES, LTD. (a/k/a KAWASAKI JUKOGYO KABUSHIKI KAISHA) and KAWASAKI MOTORS MANUFACTURING CORP., U.S.A., <br><br> Plaintiffs, <br><br> vs. <br><br> BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP U.S., INC., BANK OF MONTREAL (in its capacity as administrative agent), HARRY MARCUS, and ROBERT GOETHALS, <br><br> Defendants. | Case No. 3:10-cv-00641-SMY-DGW |

### KAWASAKI'S MOTION TO MODIFY ARBITRATION AWARD AND TO CONFIRM THE AWARD AS MODIFIED

Plaintiff/Claimant Kawasaki Heavy Industries, Ltd., (a/k/a Kawasaki Jukogyo Kabushiki Kaisha) and Kawasaki Motors Manufacturing Corp., U.S.A. (collectively "Kawasaki"), petitions this Court to modify the recent arbitration award to provide for statutory attorneys' fees and prejudgment interest, which the arbitration award failed to include. Under applicable Texas law,[1] an award of prejudgment interest and statutory attorneys' fees was required when Kawasaki prevailed on its breach of contract claim. The arbitrators manifestly disregarded this controlling Texas law and failed to award prejudgment interest and statutory attorneys' fees, resulting in an imperfect award. The award *must* include prejudgment interest and attorneys' fees under controlling Texas law. Kawasaki accordingly asks this Court to modify the award pursuant to the FAA and federal common law and then to confirm such modified award.

---

[1] The parties stipulated that Texas law applied to substantives issues in the arbitration. The arbitration panel affirmed this stipulation in an interim order, stating: "The parties agree that the substantive law of Texas govern the claims in this arbitration." *See* Ex. A, Arbitration Interim Order 3. The issues of attorneys' fees and prejudgment interest are substantive areas of law. *Midwest Med. Supply Co., L.L.C. v. Wingert*, 317 S.W.3d 530, 537 (Tex.App. 2010) ("[T]he recovery of attorneys' fees for breach of a contract is a substantive, not a procedural, issue and will be governed by the law governing the substantive issues."); *Arleth v. Freeport-McMoran Oil & Gas Co.*, 2 F.3d 630, 636 (5th Cir. 1993) ("prejudgment interest is a matter of substantive law").

## JURISDICTION AND VENUE

The Court has jurisdiction to rule on the current motion. This Court ordered the parties to arbitrate their dispute and stayed the proceedings "until the outcome of the pending arbitration between plaintiffs and BRP." ECF. No. 130, at 4. The Court had subject matter jurisdiction over the parties when it ordered the stay. *See Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 997 (7th Cir. 2011) (stating that a court must have subject matter jurisdiction to stay a case pending arbitration under § 3 of the FAA). The Court retained this subject matter jurisdiction during and following the arbitration. For example, in *Baltimore & Ohio Chicago Terminal R. Co. v. Wisconsin Cent. Ltd*, the Seventh Circuit held that jurisdiction remains vested in the court where the suit was filed despite a stay of that suit pending arbitration:

> There is no doubt that [the district court judge] had jurisdiction over [the case] when it was originally filed and that he was empowered by the F.A.A. to stay it pending arbitration. 9 U.S .C. § 3. The issuance of the stay, as distinct from an order of dismissal, implies that the proceeding in the court that issued the stay remains on the court's docket, albeit in a state of suspended animation. As long as the case remains before the court, the judge has the power to issue any order that is within his power to issue in a case of that sort. And that includes any order confirming an arbitration award . . .

154 F.3d 404,407 (7th Cir. 1998) (citations omitted).

Because this Court retained jurisdiction while this case was in arbitration, this Court has jurisdiction over this motion to modify and confirm the award. *See Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2nd Circ. 1985) ("a court which orders arbitration retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate") (citing *NII Metals Servs., Inc. v. ICM Steel Corp.*, 514 F. Supp. 164, 166 (N.D. Ill. 1981)). Venue is also proper in this district for the same reason as jurisdiction. *See Smiga*, 766 F.2d at 706-707. *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 202 (2000) (stating

that a court ordering a stay pending arbitration retains jurisdiction to confirm, vacate or modify the award and does not "lose venue"). Accordingly, this Court has the authority to lift the stay in this proceeding in order to modify the award and then confirm the award as modified.[2]

## BACKGROUND

An arbitration was conducted February 16-20, 2015 before an arbitration panel of three judges ("the Panel"). Kawasaki submitted to the Panel the issues of breach of contract, fraud, actual damages, punitive damages, statutory attorneys' fees, and prejudgment interest.[3] The Panel issued an award on May 7, 2015 ("the Award", attached hereto as Exhibit H) entering an award in favor of Kawasaki on its breach of contract claim against BRP.[4] The Award addressed the issues of breach of contract, fraud, actual damages, and punitive damages, but did not address the issues of prejudgment interest and statutory attorneys' fees under Texas law. In doing so, the Panel erred by disregarding well-established Texas law that mandates an award of prejudgment interest and statutory attorneys' fees to prevailing parties. Accordingly, Kawasaki moved the Panel on May 19, 2015 to complete the Award to provide for mandatory prejudgment interest and statutory attorneys' fees pursuant to AAA R-46.[5] The Panel denied Kawasaki's request to review the issues of prejudgment interest and statutory attorneys' fees pursuant to

---

[2] BRP erroneously argues in its motion to dismiss that Kawasaki Motors Corp. ("KMC") is a necessary and indispensable party to any application relating to the arbitration in this Court. *See* ECF 183. This argument is moot. KMC has assigned all of its right, title, and interest in the arbitration award to Kawasaki Heavy Industries, Ltd. *See* Ex. B, attached hereto. In doing so, KMC cannot be an indispensable and necessary party to any action relating to the arbitration award. *See Belize Soc. Dev. Ltd. v. Gov't of Belize*, 5 F. Supp. 3d 25, 37 (D.D.C. 2013) *aff'd sub nom. Belize Soc. Dev. Ltd. v. Gov't of Belize*, No. 14-7002, 2015 WL 4430191 (D.C. Cir. July 21, 2015) (assignor of interest in arbitration award not a necessary or indispensable party to confirmation of award). *See also Overseas Development Disc Corp. v. Sangamo Construction Co.*, 686 F.2d 498, 505 (7th Cir. 1982) (assignor not indispensable party since assignee has whatever right to payment assignor had, and assignee is real party in interest).
[3] Kawasaki submitted these issues through its arbitration demand, post-hearing briefing, and its motion to complete the award. *See* Exs. C-G, attached hereto.
[4] The Award has not been confirmed.
[5] AAA R-46 (Modification of the Award) provides: Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided. *See* Ex. I, attached hereto.

AAA R-46 on June 10, 2015. Kawasaki accordingly brings the current motion in order to correct the failure to award interest and fees.

## ARGUMENT

**The Panel Manifestly Disregarded Texas Law Causing the Arbitration Award to be Imperfect in Form.**

The grounds for modifying or correcting an arbitration award under the FAA are set forth in 9 U.S.C. § 11, which provides:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration-
>
> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
>
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11. This statute, *inter alia*, authorizes this Court to make an order modifying or correcting an arbitration award "[w]here the award is imperfect in matter of form not affecting the merits of the controversy." *Id*. In addition, under the general provision of Section 11, the Court may modify and correct the award, so as to effectuate the intent thereof and promote justice between the parties. *See id.*

In addition to 9 U.S.C. § 11, this Court also has discretion under federal common law to the modify arbitration awards where arbitrators manifestly disregarded the law. *See Beech Street Corp. v. Baylor Health Care Sys.,* No. 05–12–01671–CV, 2014 WL 3743864, at *2 (Tex.App.-

Dallas July 29, 2014, no pet. h.) (noting manifest disregard is a federal common law doctrine). Under the common law principle of manifest disregard, modifying an arbitration award is appropriate where the law is well-defined and applicable to the claims in arbitration, but the arbitration panel nevertheless ignores the law and does not apply it. *See id.*; *New York Tel. Co. v. Commc'ns Workers of Am. Local 1100, AFL-CIO Dist. One*, 256 F.3d 89, 91 (2d Cir. 2001). For example, courts have modified awards under this principle where the arbitration panel was aware of the controlling state law that required certain damages or costs and the panel did not award such damages or costs. *See, e.g., Henson v. Morgan Stanley DW Inc.*, No. 3:04-0963, 2005 WL 1806426 (M.D. Tenn. June 7, 2005) (arbitration award modified to provide for damages and fees required under Tennessee law); *Ainsworth v. Skurnick*, 960 F.2d 939 (11th Cir. 1992) (affirming trial court's decision awarding mandatory securities damages that arbitrators had failed to award); *Kane v. Shearson Lehman Hutton, Inc.*, 916 F.2d 643 (11th Cir. 1990) (affirming trial court's decision awarding mandatory securities damages that arbitrators had failed to award); *DeGaetano v. Smith Barney, Inc.*, 983 F. Supp. 459 (S.D.N.Y. 1997) (modifying arbitration award because arbitrators manifestly disregarded the law by failing to award attorney's fees to prevailing plaintiff).

As explained more below, once Kawasaki prevailed on its breach of contract claim in the arbitration, Texas law mandated an award of statutory attorneys' fees and prejudgment interest.[6] The Panel was aware of this mandatory law and chose to ignore it. The Panel's failure to award the required prejudgment interest and attorneys' fees constitutes a manifest disregard of the law and caused the Award to be imperfect in form. The Court should modify the Award to do equity and justice pursuant to the FAA and federal common law.

---

[6] *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1329-30 (5th Cir. 1994); *Kona Tech. Corp. v. Southern Pacific Transp. Co.*, 225 F.3d 595, 603, 614 (5th Cir. 2000).

### A. Once Kawasaki Prevailed on its Breach of Contract Claim, Texas Law Mandated Awards of Prejudgment Interest and Statutory Attorneys' Fees.

Texas law is clear: prevailing parties on claims in arbitration are entitled to prejudgment interest and statutory attorneys' fees as a matter of right, not by judicial discretion. *Executone*, 26 F.3d at 1329-30; *Kona*, 225 F.3d at 603, 614.

Pursuant to Texas law, a prevailing party is entitled to prejudgment interest as "a matter of course." *Richter, S.A. v. Bank of Am. Nat'l Trust and Sav. Ass'n*, 939 F.2d 1176, 1197 (5th Cir. 1991); *Executone*, 26 F.3d at 1329-30. Prejudgment interest *must* be awarded absent "exceptional circumstances". *See Richter,* 939 F.2d at 1197. Inasmuch as no exceptional circumstances have been found here, such an interest award is required. *See id.*; *Executone*, 26 F.3d at 1329-30. At the statutory rate (five percent per annum) that amounts to an additional $1,072,500.00.[7]

Similarly, under Texas law, where a breach of contract plaintiff prevails and is awarded damages, an award of statutory attorneys' fees (under Tex. Civ. Prac. & Rem. Code § 38.001) is "mandatory" and must be awarded. *Kona Tech. Corp. v. Southern Pacific Transp. Co.*, 225 F.3d 595, 603, 614 (5th Cir. 2000). Attorneys' fees under the Texas statute cannot be waived (even by contract) absent an express reference to the statute, under § 38.001.[8] Because no such reference to the statute exists here, such fees must be awarded to Kawasaki. *See Kona*, 225 F.3d at 603, 614.

---

[7] The rate for prejudgment interest for a Texas breach of contract claim is five percent per year. *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 414-15 (5th Cir. 2011), *as revised* (June 30, 2011). Tex. Fin. Code. Ann. § 301.104 provides that t interest begins to accrue on the earlier of: (1) 180 days after the date a defendant received notice of a claim, or (2) the date suit is filed. Because BRP was on notice of its breach as of May 2008, prejudgment interest began to accrue in November 2008 and ended in May 2015.

[8] *Herring v. Heron Lakes Estates Owners Ass'n, Inc.*, No. 14-09-00772-CV, 2011 WL 2739517, at *6 (Tex. App. Jan. 4, 2011) (to waive a right to attorneys' fees in a contract, the waiver must "'specifically preclude [a] statutory claim to an award of attorney's fees under Section 38.001.'") (citing *Nat'l Bank v. Sandia Mortg. Corp.*, 872 F.2d 692 (5th Cir. 1989)).

Once the Panel determined the merits of the dispute by deciding that BRP committed a breach of contract and the amount of damages for that breach, Texas law required an award of interest and attorneys' fees as a matter of course. The Panel failed to make such an award. The Panel had no discretion not to award fees and interest under Texas law. Accordingly, Kawasaki is entitled to prejudgment interest and attorneys' fees on its breach of contract claim as a matter of law and should it should be awarded.

### B. The Award Should be Modified to Provide for Statutory Attorneys' Fees and Prejudgment Interest.

This Court should modify the award due to the Panel's manifest disregard of the law. The Panel was unambiguously made aware of this controlling Texas law regarding prejudgment interest and statutory attorneys' fees in Kawasaki's post-hearing briefs and its motion to complete the Award. Despite clear knowledge of the law requiring interest and fees to be awarded to the prevailing party, the Panel chose to deliberately disregard the law; its Award did not provide for fees or interest in any plausible manner. Under the circumstances of this case, the Panel had no authority to disregard the law and to not award interest and fees. Due to the Panel's manifest disregard of the applicable law, the Award is "imperfect in form not affecting the merits of the controversy" under 9 U.S.C. § 11(c). Modification of the Award to provide for fees and interest would not affect the merits of the Panel's decision concerning liability and damages.[9] Accordingly, this Court should modify the Award pursuant to Section 11 of the FAA and federal common law in order to provide for the complete relief Kawasaki is entitled to under Texas law.

---

[9] Federal case law supports the general proposition that a decision relating to the award of attorneys' fees does not "affect the merits of the controversy." *See, e.g., White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 452 (1980) (stating that award of attorneys' fees "is uniquely separable from the cause of action to be proved at trial"); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (holding that "motions for costs or attorney's fees are 'independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree'").

## CONCLUSION

For the reasons set forth above, Kawasaki respectfully requests the Court grant Kawasaki's motion to modify the arbitration award to provide for the required prejudgment interest and statutory attorneys' fees under Texas law and to confirm the award as modified.

Dated: July 30, 2015

Respectfully submitted,

By: /s/ Steven E. Garlock
Richard A. Mueller
Steven E. Garlock
David B. Jinkins
One US Bank Plaza
St. Louis, Missouri 63101
phone: (314) 552-6000
fax: (314) 552-7000

-and-

Thomas Q. Keefe Jr.
Thomas Q Keefe Jr PC
6 Executive Woods Ct
Swansea IL 62226-2016
Phone: (618) 236-2221
Fax: (618) 236-2194

*Attorneys for Plaintiffs, Kawasaki Heavy Industries, Ltd. and Kawasaki Motors Manufacturing Corp., USA*

## Certificate of Service

I hereby certify that on July 30, 2015 I electronically filed the attached with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

Respectfully submitted,

/s/ Steven E. Garlock